## JACK MELTON v. THE STATE.

*No. 3801. Decided October 17.*

**Aggravated Assault—Deadly Weapon.**—To warrant a conviction for aggravated assault with a deadly weapon, it is essential that it be proved that the weapon used in making the assault was a deadly weapon. An ax is not *per se* nor necessarily a deadly weapon.

APPEAL from the District Court of Shelby. Tried below before Hon. R. S. Bryarly, Special District Judge.

Appellant was indicted, tried, and convicted for an aggravated assault, and was fined $25 and costs.

The opinion of the court sufficiently states the facts involved in the ruling.

*Drury Field,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The conviction in this case was for an aggravated assault, committed with an ax, alleged to be a deadly weapon. Appellant contends that the conviction should be set aside, and the judgment reversed, because the evidence fails to show that the ax was a deadly weapon. Looking at the record we find that the evidence shows that during a difficulty between the appellant and one Hugh

Ballard, the appellant picked up an old ax lying near by him and with it pursued Ballard, who fled. He did not strike his fleeing foe, because he failed to come up with him. He failed to get nearer than ten feet of Ballard. Failing to catch his adversary, appellant gave over the chase, and chopped in the ground a few times with his ax. This is substantially the evidence bearing upon the ax and its connection with the case. Whether or not the weapon used was a deadly one is a matter of proof. This proof may be made in various ways, and in some cases depends upon the manner of the use of the weapon or instrument alleged. In this case the State failed to prove the deadly character of the ax. The size, weight, character, or kind of ax could have been shown, but was not. An ax is not necessarily a deadly weapon. This court held in Pierce's case, 21 Texas Court of Appeals, 548, that a pistol was not necessarily a deadly weapon when used to strike with, "but would be such or not according to its size or the manner of using it." Hunt v. The State, 6 Texas Ct. App., 663; Wilson v. The State, 15 Texas Ct. App., 150.

Because the evidence fails to show the ax used by appellant was a deadly weapon, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

Hurt, J., absent.