VALTON VAN JENNINGS, *alias* BARRY BEN BRANDON, *alias* V. V. JENNINGS, *alias* J. V. JENNINGS, v. THE STATE.

No. 20058.   Delivered December 21, 1938.

The opinion states the case.

No appearance for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Robbery with firearms is the offense; penalty assessed at confinement in the penitentiary for life.

After describing the offense upon which the prosecution is founded, the indictment alleges that on the 28th day of March, 1934, in the criminal district court of Tarrant County, Texas, the appellant was duly and legally convicted in cause No. 36393 of a felony of like character as that charged against him in the first count of the present indictment, namely, the offense of robbery.

The jury having found the appellant guilty as charged in the indictment, it was incumbent upon the court, because of the repetition of the offense, to assess the penalty at imprisonment in the penitentiary for life under the terms of Article 64, P. C. 1925, which reads as follows: "A person convicted a second time of any offense to which the penalty of death is affixed as an alternate punishment shall not receive on such second conviction a less punishment than imprisonment for life in the penitentiary."

H. W. Orgain, the alleged injured party, testified that he was secretary-treasurer of the Clarence Kraft Motor Company of Fort Worth, Texas; that about 10:35 o'clock on the night of December ——, 1937, as he was about to close the door of the establishment mentioned, he was accosted by two men who compelled him, at the point of a sawed-off shotgun, to go back into the building and unlock the safe. After getting the money from the safe and "a little black box" the robbers forced Orgain to go in the back of the shop, where they made him sit down on a wheel-aligning machine. They removed his hat and coat and tied his feet back underneath the bottom of the machine. They tied his hands behind him with an extension cord and put adhesive tape across his mouth. They then took what money he had on his person. Orgain testified that altogether the robbers took $346.80; that $16.00 were taken from his person and the balance came out of the safe and "the little black box." In his overcoat pocket Orgain had his gloves and keys, which were also taken by the robbers. According to Orgain, during the robbery the appellant kept the shotgun in such position at all times as to enable him to shoot; that he permitted the robbers to take the money and his property because he was afraid that he would suffer death or serious bodily injury at their hands if he resisted them. The property taken from Orgain, with the exception of the gloves, was recovered by officers in Oklahoma City. The gloves were obtained at the county jail in Fort Worth, where they were found among the personal effects of the appellant and his companion. However, none of the money was recovered. The stolen articles mentioned were introduced in evidence upon the trial and identified by Orgain as those taken from him by the appellant and his companion during the robbery.

Captain Hamm, a Texas Ranger, testified that he went to Oklahoma City, Oklahoma, in December, 1937, and obtained custody of the appellant, Valton Van Jennings, and his companion, Ford Marvin Laxson, after they had been arrested in that State for their connection with the robbery in question. The officer testified that he brought back with him the property found in the possession of the robbers, including a Winchester sawed-off pump shotgun which he identified upon the trial. The witness also testified that the appellant escaped from the Texas Penitentiary in November, 1937, where he was serving a term for robbery upon a previous conviction.

Jack Davis, a witness for the appellant, testified that he arrested the appellant about four years ago for his connection with the robbery of Kinney's Shoe Store in Fort Worth, Texas,

at which time there was an exchange of shots between the appellant and the officer before the appellant was finally captured.

The State introduced in evidence certified copies of the indictment dated December 30, 1933, the verdict of the jury, the judgment and sentence, showing the conviction of the appellant, V. V. Jennings, in cause No. 36393, tried in the criminal district court of Tarrant County. The witness, Claud Wall, a deputy district clerk of Tarrant County, testified that he was present at the former trial of the appellant; that the appellant in the instant case is the same person who was tried on the previous indictment and sentenced to confinement in the State Penitentiary for a period of twenty-five years for the offense of robbery.

The appellant was not represented by counsel upon the trial for the reason, as stated by the trial court in his certification of the statement of facts, that prior to the trial of the case an attorney was appointed to represent the appellant; that after the selection of the jury and before any other proceedings were had, the appellant stated in open court that he did not desire the services of an attorney and requested that he be permitted to represent himself, which permission was granted by the court. Consequently, no bills of exception have been presented complaining of any matter of procedure, and no brief has been filed in this Court in behalf of the appellant. However, the rights of the appellant were fully protected in the charge of the court, and the verdict of the jury, sanctioned by the trial judge, is based upon evidence which is quite sufficient to support the conviction.

Perceiving no error in the record authorizing a reversal, the judgment of the trial court is affirmed.