## PAUL WOODS V. STATE.

No. 24117. October 20, 1948.
Rehearing Denied December 15, 1948.

Hon. Langston G. King, Judge Presiding.

*B. F. Whitworth,* of Houston, (on appeal only) for appellant.

*A. C. Winborn,* Criminal District Attorney, *E. B. Duggan, Kellis Daniel,* and *E. T. Branch,* Assistants Criminal District Attorney, all of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from conviction for murder with malice and a sentence of ninety-nine years in the penitentiary.

The facts and circumstances of this case, both as to the murder and the incidents of the trial, are most unusual. The latter will be first discussed and then such of the facts will be reviewed as are necessary to a decision of the questions to be treated.

A trial was had soon after the commission of the murder, in August 1947. At that time appellant presented a motion for continuance for a witness who was shown to be in Guam. The motion was overruled and the defendant put to trial. This resulted in a mistrial because the jury could not agree on a verdict.

When the case was again called, a motion for continuance was presented on account of the absence of the same witness. It is noted that the first motion stated that the witness was expected to return from Guam soon. He had not so returned at the time of the second trial, and we do not think there is a showing that he was expected to do so. The motion does not otherwise comply with the statutory requirements and was properly denied.

While the State was introducing its evidence in chief, the defendant, in open court and in the presence of the jury, discharged his attorney and took charge of the conduct of his case. This he was permitted to do by the court, who, as a precaution, required the discharged attorney to remain in the court room. From that time on it appears that no exceptions were taken to the rulings of the court, and no objections were lodged against the charge. The attorney who had been representing appellant, faithful to a duty beyond any question, filed a motion asking for a mistrial on account of the unusual things that happened in the court room, and the prejudice thus created against the

appellant. The motion was overruled and the matter is brought before this Court for review.

We are not able to find anything in the record which would justify the court in granting the motion, and it is our conclusion, from all of the facts reflected by the record, that the trial court properly refused to do so. It is further shown that another attorney appeared in the case to represent appellant in preparing a motion for a new trial. When this was refused that attorney disappears from the record and the attorney now of record came into the case, prepared the appeal and presented a brief and oral argument asking this Court to reverse the case. This much of the record is necessary to understand the question which we have under consideration and upon which a reversal is sought.

The statement of facts reflects that appellant had been doing some work on automobiles in a repair garage which the deceased owned and operated, adjacent to a cafe which the deceased and his wife operated jointly. During the day, appellant had been working on an automobile for a party who remained with him and they had engaged in drinking some intoxicants. The owner of the car testified that the appellant had also secured a "stick" (a marijuana cigarette) which he had probably smoked. The appellant and this patron became involved in a difficulty, about night, in which appellant was knocked unconscious and left by the patron in that condition for some period of time. Later he regained consciousness at his home several blocks away. After cleaning up, he said he felt good and he returned to the cafe for the purpose of collecting pay for his work. This was about twelve o'clock at night. When he came to the window of the cafe he saw the deceased working on a sink, inside of the kitchen. They engaged in conversation about it, following which appellant asked for the money. The deceased told him he did not owe him anything, that he had not employed him. Appellant then says that the deceased came out the door with a hatchet and chased him away; that deceased threw the hatchet at him and struck him on the arm as he ran. Some two hours later appellant appeared at the place with a shotgun. Witnesses differ widely as to what occurred at this time. According to the State's evidence the deceased was working on a car, which he was fixing to paint, and appellant shot him without further provocation. Appellant denies this and says that when he came to the garage he observed deceased's brother working on the car; that as he walked around the house and looked into the garage to see whether it was deceased or his brother, "Nicandro

was probably still working on that sink in the kitchen and ran out that back door with what I am sure was that same hatchet in his hand, and when I raised the gun he must have realized that I had one, and just as I shot he turned to run towards the door of the garage." (S. F. p. 64.) Based on the foregoing evidence, appellant says, "I realized that my life was in danger. I just jerked the gun up and shot. I didn't mean to hit him on the head or any place else. The man had a hatchet or something in his hand." (S. F. p. 78.) Again he said, (S. F. p. 82.) "The reason I killed Nicandro Ruiz was because I thought my life was in danger when he was after me with what I thought was a hatchet. No one that I know of saw Nicandro after me with the hatchet." It must be noted that the facts detailed do not furnish a reasonable basis for such fear.

In response to the foregoing testimony, the court gave the following charge:

"Therefore, if you believe from the evidence, beyond a reasonable doubt, that the defendant about the time and place stated in the indictment killed the deceased by shooting him with a gun but you further believe, or have a reasonable doubt thereof, that at the time of doing so, or just before, the deceased had made or was about to make an unlawful assault upon him, the defendant, with a hatchet, WHICH FROM the manner and character of it and the relative strength of the parties and the defendant's knowledge, if any, of the character and disposition of the deceased, caused the defendant, as viewed from his standpoint at the time, to have a reasonable expectation or fear of death or serious bodily injury, and that acting under such reasonable expectation or fear the defendant killed the deceased, then you should acquit the defendant."

No exception was taken to the charge, or any part of it. Nevertheless, the chief question presented to this Court, on which a reversal is sought, is based on the contention that it was the duty of the court to instruct the jury on the presumption arising from the threatened attack with a deadly weapon, as provided by Article 1223 of the Penal Code. In the first place, the evidence does not require that the court give a charge on self-defense. It was favorable to appellant that he did so. The evidence fails to show that deceased knew that appellant was on the premises when he came out of the door. He made no motion, or otherwise indicated an intention to attack appellant. He was not doing so at the time of the shot, as required by Article 1224, Ver. Ann. P. C. Had the evidence been such as to

require a charge on self-defense, the question could not now be raised when there was no exception taken to the charge. Even so, there is no evidence to raise an issue other than a right to defend against a milder attack, because this Court cannot take judicial knowledge that a hatchet is a deady weapon. Bush v. State, 107 S. W. 348; Melton v. State, 30 Tex. App. 273, 17 S. W. 257; Flournoy v. State, 7 S. W. 865; Gladney v. State, 12 S. W. 868; see also Branch's Criminal Law of Texas, Sec. 82, p. 41.

It is not reversible error to fail to give a defensive charge where the same is not requested and where no exception is filed to the charge as given. See Garriott v. State, 79 S. W. (2d) 848; Hanvy v. State, 162 S. W. (2d) 721.

A well prepared brief on the subject has been filed in appellant's behalf. There are many cases holding that the "refusal" of the court to give a charge embracing provisions of Article 1223 is reversible error. We find none in which the case is reversed simply because the court "failed" to give such charge when none was requested. The argument then asks this Court to apply the law differently in the case of one who has chosen to discharge his attorney and represent himself in court. We know of no precedent for such, and we can foresee the confusion which would certainly follow, in the trial of cases, if this Court should follow such a line of reasoning. We would be making a rule which we have no right to make under the law. We recognize that it is the duty of the trial court to conduct a case in due order and in accordance with due process of law, (Allgood v. State, 148 S. W. (2d) 433) but this does not place upon the trial court the burden of correcting all of the mistakes that the party on trial, or his attorney, has made. It is a duty to furnish counsel to represent a party on trial for murder, but he has no power to force him to accept an attorney whom he does not want, and the party has a right to waive representation by an attorney if he so desires. Jennings v. State, 135 Tex. Crim. Rep. 670, 122 S. W. (2d) 639.

We do not have a procedure for those who are guilty and another for those who are innocent; neither do we have a procedure for the learned and another for the unlearned. We have no authority to create the rules of procedure, either for general or special application. That is a power that rests exclusively with the Legislature. The Court of Criminal Appeals is a court of review and not trial court. If we should assume to do otherwise it would be in violation of the very oath of office which

we take, and we would be left in a poor position to require the trial courts to follow the rules of procedure laid down by the Legislature which we ourselves had failed to follow. The very brilliant argument made in behalf of the appellant in this case cannot avail.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

We think the original opinion herein was in error wherein it said that we did not think a charge on self-defense was called for by the evidence and that the testimony did not call for such a charge. We think that the testimony of appellant quoted in the original opinion did call for a charge on self-defense.

Again, we do not think the evidence raised the issue of a milder or lesser attack as defined in Article 1224, P. C. It appears from the evidence that at its strongest, it failed to show the presence of an unlawful and violent attack being made by the deceased at the time he was killed.

We think that the trial court was correct in the charges given and see no reason upon which this motion should be granted.

The motion for a rehearing will be overruled.