**Otis Arden WEBB, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50849.**

Court of Criminal Appeals of Texas.

Feb. 25, 1976.

Ronald L. Walker, Beaumont, for appellant.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of escape from custody while under indictment for a felony; punishment was assessed at imprisonment for 3 years. The offense was committed April 21, 1973.

We are met at the outset by appellant's contention that he should be allowed to represent himself on appeal and not be required to accept the representation of counsel appointed to appeal this conviction. The appellant was represented in the trial court by appointed counsel. On January 2, 1975, the day appellant was sentenced, the same attorney was appointed to represent the appellant on appeal. On June 16, 1975, counsel filed a brief seriously urging two grounds of error for the reversal of the judgment. On August 20, 1975, appellant filed in this Court papers denominated "Application For Writ of Mandamus," by which he requested that this Court direct the trial

judge to grant his motion to dismiss counsel of record and allow him to represent himself on appeal. On August 21, 1975, the appellate record was filed in this Court. On September 29, 1975, appellant filed a pro se motion denominated "Motion To Strike," in which he requested that he be allowed to represent himself on appeal, and that the brief filed on his behalf by counsel be stricken and withdrawn from consideration in this appeal.

 It is firmly established that the Fourteenth Amendment to the United States Constitution extends to the states as a matter of due process the Sixth Amendment provision that in all criminal prosecutions the accused shall enjoy the right to the assistance of counsel for his defense. The right to the assistance of counsel is applicable to both the trial [*Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Ex parte Auten,* 458 S.W.2d 466 (Tex.Cr.App.1970); *Ex parte Hope,* 374 S.W.2d 441 (Tex.Cr.App.1964)] and the appeal [*Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Ex parte Coleman,* 455 S.W.2d 209 (Tex.Cr.App.1970); *Ex parte Gordon,* 439 S.W.2d 354 (Tex.Cr.App.1969); *Ex parte Marshall,* 445 S.W.2d 212 (Tex.Cr.App.1969)] of a criminal case. The contention before us presents the question of whether an accused may resist the appointment of counsel and instead proceed to conduct his own appeal. On June 30, 1975, after the appellate brief had been filed by counsel and before the appellant filed his pro se "Motion To Strike," the United States Supreme Court handed down its decision in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). That case holds that a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. Noting as they did in *Adams v. United States ex rel. McCann,* 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1943), that the Sixth Amendment right to the assistance of counsel implicitly embodies a "correlative right to dispense with a lawyer's help," the Court stated the following:

"The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored out of 'that respect for the individual which is the lifeblood of the law.'" 95 S.Ct. 2525, at 2541.

██ Faretta asserted his right to conduct his own defense at trial; however, since the Sixth Amendment right to counsel is applicable to both trial and appeal, it would follow that the correlative right to reject the assistance of counsel would be equally applicable to both the trial and the appeal of a criminal case. We discern no meaningful distinction between conducting a defense at trial and prosecuting an appeal which would prevent the application of the *Faretta* rationale to the case of an appellant who wished to reject representation by counsel and instead represent himself on appeal.

 It has long been held in this State that a trial court may not force an accused to accept an attorney if he wishes to waive representation and defend himself.[1] *Woods v. State,* 152 Tex.Cr.R. 525, 215 S.W.2d 334 (1948); *Brignon v. State,* 399 S.W.2d 810 (Tex.Cr.App.1966); *Jennings v. State,* 135 Tex.Cr.R. 670, 122 S.W.2d 639 (Tex.Cr.App. 1938); *Phillips v. State,* 450 S.W.2d 650

1. But see footnote # 46 in *Faretta,* where the Court indicated that:

"... a State may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." 95 S.Ct. 2525, at 2541.

And see *Wiggins v. State,* 520 S.W.2d 780 (Tex.Cr.App.1975).

(Tex.Cr.App.1970); Article 1.14, V.A.C.C.P. Cf. *Carr v. State,* 475 S.W.2d 755 (Tex.Cr. App.1972); *Wiley v. State,* 431 S.W.2d 550 (Tex.Cr.App.1968). On the other hand, it has also been held that an accused does not have the right to be both represented by counsel and also propound his own questions to witnesses and make jury argument in his own behalf.[2] *Leahy v. State,* 111 Tex.Cr.R. 570, 13 S.W.2d 874 (1928); *Ward v. State,* 427 S.W.2d 876 (Tex.Cr.App.1968); *Roberson v. State,* 513 S.W.2d 572 (Tex.Cr. App.1974); *Ballard v. State,* 514 S.W.2d 267 (Tex.Cr.App.1974). Further, an accused's right to represent himself or select his own counsel cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice.[3] *Thompson v. State,* 447 S.W.2d 920 (Tex.Cr.App.1969); *Estrada v. State,* 406 S.W.2d 448 (Tex.Cr.App.1966). Thus, an accused may not wait until the day of trial to demand different counsel or to request that counsel be dismissed so that he may retain other counsel. *Keys v. State,* 486 S.W.2d 958 (Tex.Cr.App.1972); *Stovall v. State,* 480 S.W.2d 223 (Tex.Cr.App.1972); *Miller v. State,* 479 S.W.2d 670 (Tex.Cr.App. 1972); *Brown v. State,* 464 S.W.2d 134 (Tex. Cr.App.1971).

■ We hold here that the right of an accused to reject the services of counsel and instead represent himself extends beyond trial into the appellate process. However, while we hold that an accused has the right to prosecute his own appeal, it is clear that he does *not* have a correlative right, exercisable on demand, to appear pro se before this Court and present oral arguments. See, *Tooke v. State,* 23 Tex.App. 10, 3 S.W. 782 (1889); *Leahy v. State,* supra; *Chick v.*

**2.** However, a patient trial judge may allow both counsel and the accused to jointly participate in the case.

**3.** A trial court is not obligated to search for an attorney who meets with the approval of the accused. *Viges v. State,* 508 S.W.2d 76 (Tex.Cr.App.1974); *Gleffe v. State,* 501 S.W.2d 672 (Tex.Cr.App.1973); *Smith v. State,* 493 S.W.2d 154 (Tex.Cr.App.1973); *Rogers v. State,* 488 S.W.2d 833 (Tex.Cr.

*State,* 161 Tex.Cr.R. 450, 278 S.W.2d 140 (Tex.Cr.App.1955). Article I, Section 10 of the Texas Constitution provides that an accused has the right to be "heard by himself or counsel, or both;"[4] however, in reference to that language, *Tooke v. State,* supra, declared that:

"The language of Section 10 shows that the intention was to declare rights pertaining to the trial before a jury or court where the charge was being investigated on the introduction of evidence.

\* \* \* \* \* \*

"We do not think that any such right [to appear personally before this Court] is even contemplated, much less guaranteed, by the constitution and laws of this state; . . . " 3 S.W. 782, at 783, 784.

In *Chick v. State,* supra, the appellant, who at the time of his appeal was incarcerated in the penitentiary, demanded that he be allowed to appear personally before the Court in order to argue his case; in response, the Court issued the following order which was incorporated in its opinion:

" . . .

"The constitutional right to be heard in person has reference exclusively to trial courts and does not mean that the defendant has a right to be brought personally before the Court of Criminal Appeals. *Tooke v. State,* 23 Tex.App. 10, 3 S.W. 782; Cooley's Constitutional Limitations, 4th Ed. 412.

\* \* \* \* \* \*

"The punishment assessed against appellant, as well as the fact that he is an inmate of the penitentiary under a prior conviction, will prevent his personal ap-

App.1973); *Perry v. State,* 464 S.W.2d 660 (Tex.Cr.App.1971). The accused carries the burden of proving that he is entitled to a change of counsel. *King v. State,* 511 S.W.2d 32 (Tex.Cr.App.1974); *Gleffe v. State,* supra; *Williams v. State,* 493 S.W.2d 863 (Tex.Cr.App.1973); *Smith v. State,* 493 S.W.2d 154 (Tex.Cr.App.1973).

**4.** See also Art. 1.05, V.A.C.C.P.

pearance before this Court, and he will not be granted the right to personally present oral argument." [5]

Of course, this is not to say that there are no circumstances in which an appellant would be allowed to pro se present oral arguments before this Court. In *Leahy v. State,* supra, the Court noted merely that there is no absolute right to appear personally before the appellate court:

"Within a year previous to this writing, two men convicted of crime have personally appeared before this appellate court and argued the merits of their several appeals, this to show that this court holds that, where there is no imperative right to be granted upon the capricious demand of one convicted or accused, still there may arise cases when it would become proper to permit the personal appearance before the appellate court of the accused." 13 S.W.2d 874, at 884.

See also Article 44.03, V.A.C.C.P., footnote # 4, supra.

▇▇▇ When an accused makes known his desire to represent himself, the court should take care to ascertain that he fully understands the consequences of waiving his right to representation of counsel and proceeding to represent himself.[6] *Faretta v. California,* supra, suggested that:

"When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and

intelligently' forego those relinquished benefits.

\* \* \* \* \* \*

"Although a defendant need not himself have 'the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.'" 95 S.Ct. 2525, at 2541.

The trial court should therefore admonish an accused who desires to represent himself regarding the wisdom and practical consequences of that choice.

▇▇▇ It is well settled that an accused may knowingly and voluntarily waive his right to counsel. *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Smith v. State,* 513 S.W.2d 586 (Tex.Cr.App.1974); *King v. State,* 473 S.W.2d 43 (Tex.Cr.App.1971); *Carey v. State,* 455 S.W.2d 217 (Tex.Cr.App.1970); *Sanchez v. State,* 454 S.W.2d 210 (Tex.Cr. App.1970); *Ex parte Ross,* 522 S.W.2d 214 (Tex.Cr.App.1975). While it would be most desirable for the record to contain a written waiver of counsel executed by the accused,[7] there is no absolute requirement that waiver of right to counsel be effected by a written instrument. See *Gallegos v. State,* 425 S.W.2d 648 (Tex.Cr.App.1968); *Ex parte Ross,* supra. In any event, the record must clearly show that the accused voluntarily, knowingly and intelligently waived his right to counsel in order to assert his right to represent himself.[8]

---

5. Article 44.03, V.A.C.C.P., provides:
 "The defendant need not be personally present upon the hearing of his cause in the Court of Criminal Appeals, *but if not in jail,* he may appear in person." (Emphasis added.)

6. It was pointed out in *Faretta* that:
 " . . . whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'ef-

fective assistance of counsel.'" 95 S.Ct. 2525, at 2541, footnote # 46.

7. It must be kept in mind that the need for clarity in the record is directly related to the fact that courts will indulge every reasonable presumption against the waiver of a constitutional right. See *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

8. See and compare the colloquy between the court and the accused in *Davis v. State,* 398

Having concluded that an accused has the right to reject representation by counsel and instead represent himself, we must turn now to the procedural aspects of a case wherein an appellant desires to prosecute his own appeal without the assistance of counsel. It is incumbent upon an accused to clearly and unequivocally inform the trial court of his desire to prosecute his appeal without the aid of counsel. Regardless of the point in the appellate process at which an appellant chooses to assert his right of self-representation, he will be required to comply with all relevant rules of appellate procedure set forth in our Code of Criminal Procedure.[9] The right of self-representation is not a license to capriciously upset the appellate timetable or to thwart the orderly and fair administration of justice.[10]

The record before us does not reflect any instance in which the appellant expressed dissatisfaction with the representation of his appointed counsel; the record does not reflect that appellant clearly and unequivocally informed the trial court of his desire to dispense with the aid of counsel and represent himself on appeal. In various motions and correspondence the appellant has alleged a great number of things concerning his attempts to have counsel dismissed so that he might proceed to represent himself;[11] none of the allegations contained therein are properly before us for review. The record does not reflect that the appellant made any effort to have the various motions, correspondence and alleged orders of the trial court filed and made a part of the record on appeal before said record was transmitted to this Court. We note also that the motions filed by appellant in this Court were filed long after his appointed counsel had filed an appellate brief on his behalf. We therefore decline at this time to rule on appellant's various pro se motions.[12] The brief filed by appointed counsel on appellant's behalf *is* properly before us for review and we shall now address the contentions contained therein.

Appellant contends that the court erred in overruling his motion to quash the indictment; appellant asserts that the indictment returned against him was never

---

S.W.2d 940 (Tex.Cr.App.1966). Also see *Ex parte Auten,* 458 S.W.2d 466 (Tex.Cr.App. 1970), where the Court quoted from *Carnley v. Cochran,* 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962), as follows:

"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel, but intelligently and understandingly rejected the offer. Anything less is not waiver."

9. See generally, Article 40.09, V.A.C.C.P.

10. It was noted in *Faretta v. California,* supra, that:

"The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." 95 S.Ct. 2525, at 2541, footnote # 46.

See also, *Thompson v. State,* supra; *Estrada v. State,* supra.

11. In appellant's "Motion To Strike" are excerpts from purported orders issued by the trial court. In one alleged order, dated June 17, 1975, appellant was advised that his motion for dismissal of counsel had been denied. In another alleged order dated September 6, 1975, the trial court informed the appellant that counsel already appointed would remain counsel on appeal.

12. In *Faretta v. California,* supra, the record contained a "preliminary ruling" of the trial judge, which ruling accepted the defendant's waiver of assistance of counsel. Several weeks thereafter, but still prior to trial, the judge held a hearing, the transcription of which was made a part of the record, to inquire into the defendant's ability to conduct his own defense. At the conclusion of the hearing the judge ruled that the defendant had not made an intelligent and knowing waiver of his right to the assistance of counsel and that he had no constitutional right to conduct his own defense. The judge accordingly reversed his earlier ruling and appointed the public defender to represent the defendant.

In contrast, there is not in the record before this Court one instance in which the appellant voiced to the trial court his desire to dispense with the aid of counsel and instead represent himself. The various motions filed in this Court by the appellant find no support in the record.

presented in open court by a grand jury and recorded upon the minutes of the proceedings of the court. Article 20.22, V.A.C.C.P., provides:

"The fact of a presentment of indictment in open court by a grand jury shall be entered upon the minutes of the court, noting briefly the style of the criminal action and the file number of the indictment, but omitting the name of the defendant, unless he is in custody or under bond."

Appellant moved to quash the indictment, alleging that the indictment was marked Cause Number 31,927, which cause number was in fact a murder indictment against another person; all papers in appellant's file, other than the indictment, were marked Cause Number 31,928. At a hearing on the matter, the State called Barbara Preston, a clerk in the Jefferson County District Clerk's office; she testified that her duties, or the duties of someone under her supervision, encompassed the notation of numbers upon indictments returned by the grand jury. Preston stated that the cause number of the indictment for escape while under indictment for a felony returned against the appellant was 31,928; in her opinion, the notation of 31,927 on the indictment in appellant's file was merely a clerical error; she further noted that there was a return in the file which indicated that the appellant had been served a copy of the indictment against him while he was in jail; the number on the return was 31,928.

At the end of the hearing the trial court made a finding that the number 31,927 which appeared on the indictment was a clerical error; he entered a nunc pro tunc order to have the record reflect that the grand jury returned indictment number 31,-928, escape while under indictment for a felony, against the appellant.

In *English v. State,* 18 S.W. 678 (Tex.Cr. App.1892), the transcript which accompanied the papers on a change of venue stated the grand jury returned into open court an indictment marked "No. 172;" however, the indictment itself and various other papers were marked "No. 154;" the defendant specially excepted to the indictment on the basis of former Code of Criminal Procedure Article 415;[13] the special exception was overruled. The case was reversed and remanded because there was "no record of the fact that the indictment whose file number was 154 had ever been presented in open court by the grand jury." *English v. State,* supra, at 679. However, the court indicated that the discrepancy could have been obviated had the court below made findings regarding which file number was correct and amended the record to show the proper file number.

"There is no evidence in the transcript that the grand jury ever returned or presented the indictment whose file number was 154.

\* \* \* \* \* \*

"If in fact No. 154 was the proper bill, instead of No. 172, then the records of Jones county should have shown that fact, and the entry upon the minutes was a mistake. If the grand jury actually returned the indictment, and its true file number was 172 instead of No. 154, then it was equally necessary that the record should have been amended to show that fact." *English v. State,* supra, at 679.

In the case before us the trial court heard evidence which showed that the indictment returned against the appellant was number 31,928, rather than 31,927 (as the indictment was marked); the record was corrected to reflect that the grand jury returned indictment number 31,928 against the appellant. There has been no violation of Article 20.22, V.A.C.C.P. This ground of error is overruled.

■ Appellant next contests the sufficiency of the evidence, asserting that there is no evidence of his intent to commit the offense of escape; this is a circumstantial

13. Substantially the same as Article 20.22, V.A.C.C.P.

evidence case and the jury was duly charged in that regard.

The evidence shows that on Saturday, April 21, 1973, the appellant and four other trusties were painting offices on the sixth floor of the Jefferson County Courthouse. James Lee, the jailer in charge of the paint detail, testified that each of the prisoners was assigned to paint a different office and that he moved from office to office checking on their progress. He stated that pursuant to requests from the prisoners he had opened a window in each office approximately six or eight inches; the window in the office in which the appellant had been painting had a screw-lock device which, when tightened, prevented the window from opening or closing beyond the point at which it had been set; Lee further stated that he had tightened the screw-lock on the window in the office appellant was painting. At approximately 3:00 p. m., when Lee checked the office where the appellant had been painting, he discovered that the appellant was not there; he stated that only one or two minutes had elapsed since he had last seen the appellant at work in the office. Lee noticed that the window he had opened six or eight inches had been opened to its maximum width; he looked out the window and observed that the gravel on the fourth floor roof had been disturbed by someone apparently landing on it feet first; however, he did not see the appellant. A short time later Lieutenant Jim Sibert of the Jefferson County Sheriff's Department found the appellant lying on his side on the third floor roof; when approached, the appellant stated, "I'm not going anywhere, I broke my leg."

We hold that the evidence, though circumstantial, is sufficient to support the jury's verdict. This ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.

ONION, P. J., concurs in the result.