**Raymond Jack SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 4–87–00271–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 23, 1987.

*Davis v. Alaska*, 415 U.S. 308, 315–321, 94 S.Ct. 1105, 1109–12, 39 L.Ed.2d 347 (1974).

John W. Rowland, San Antonio, for appellant.

Fred G. Rodriguez, Criminal Dist. Atty., San Antonio, for appellee.

Before BUTTS, REEVES and DIAL, JJ.

## OPINION

PER CURIAM.

Appellant was convicted of attempted burglary. Punishment, enhanced by proof of two prior convictions, was assessed at forty-eight (48) years' confinement.

The record reflects that appellant was sentenced on February 6, 1987. On the same day appellant executed an affidavit indicating he was indigent and requesting the trial court to appoint him counsel in order to pursue an appeal. Counsel was appointed for appellant on February 26, 1987, and filed a motion for new trial the same date. The motion for new trial was subsequently overruled by operation of law and counsel for appellant gave timely notice of appeal. The transcript was timely filed in this Court on May 15, 1987. Counsel for appellant sought and was granted extensions of time within which to file the statement of facts. On August 17, 1987, this Court received two pro se motions from appellant. One was a motion requesting we dismiss his attorney on appeal and the other to permit appellant to proceed pro se. Appellant's motion requesting us to dismiss his attorney was denied on August 18, 1987. Subsequently, appellant mailed to this Court his petition for writ of mandamus seeking to compel this Court to dismiss his court-appointed counsel and permit appellant to proceed pro se on the appeal from his conviction.

We find that appellant's request to represent himself has not been timely urged. *See and compare Hawkins v. State,* 613 S.W.2d 720 (Tex.Crim.App.1981). In *Webb v. State,* 533 S.W.2d 780, 786 (Tex.Crim. App.1976) the Court stated:

It is incumbent upon an accused to clearly and unequivocally inform the TRIAL COURT of his desire to prosecute his appeal without the aid of counsel. ... The right of self-representation is not a license to capriciously upset the appellate timetable or to thwart the orderly and fair administration of justice." (emphasis added)

The record before us reveals that the same attorney that represented appellant at trial was appointed to represent appellant on appeal. There is no showing in the record that appellant was dissatisfied with the attorney's performance at trial. There is no showing that appellant ever informed the trial court that he wished to proceed pro se on the appeal so that the trial court could conduct a proper inquiry, on the record, to ensure that appellant was making a voluntary and informed waiver. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

As noted earlier herein, appellant specifically requested court-appointed counsel for purposes of appeal. Now, seven months after sentencing and requesting court-appointed counsel, appellant expresses a desire for self-representation. This would delay the appellate process without justification. Appellant's request, being untimely, is denied.

Appellant's petition for writ of mandamus and motion to proceed pro se on this appeal are denied.