COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Thomas Ford Bland v. The State of Texas

Appellate case number:   01-13-00303-CR

Trial court case number:  1279983

Trial court:                 179th District Court of Harris County

The complete record was filed in the above-referenced appeal on May 30, 2013, making appellant's brief due on July 1, 2013. *See* TEX. R. APP. P. 38.6(a). On July 24, 2013, the Clerk of this Court sent appellant a notice informing him that his brief was late and requiring a response within 10 days. Appellant responded by filing a motion for an extension of time to file his brief, requesting that the deadline be extended to September 30, 2013. The Court granted the motion, ordered appellant to file his brief by September 30, 2013 and, because of the length of the extension provided, stated that no further extensions would be granted. On October 15, 2013, the Clerk of this Court sent appellant a second notice informing him that his brief was late, requiring a satisfactory response within 10 days and notifying appellant that, if he failed to provide a satisfactory response, the Court would be required to order the trial court to conduct a hearing pursuant to rule 38.8. TEX. R. APP. P. 38.8(b)(2), (3). On November 6, 2013, appellant responded by filing another motion for extension, requesting that the deadline be extended to December 6, 2013. In support of his motion, appellant states only that the reporter's record is "voluminous" and that "co-counsel has simultaneously noticed his appearance and requires additional time to fully educate himself on the merits of the appeal." The date appellant filed the current motion for extension was 128 days after the original deadline for appellant's brief. If we grant appellant's motion, appellant will receive a total of 189 days in which to file his brief. Absent extraordinary circumstances, this Court does not ordinarily grant extensions of time beyond 90 days to file a brief. Appellant has not shown extraordinary circumstances, and appellant has not provided a satisfactory response to the second notice informing him that his brief was late.

We therefore **deny** appellant's motion for extension and **abate** the appeal and **remand** for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's lead appellate counsel, Emily Detoto, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if

appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[*]

The trial court is directed to:

(1) determine whether appellant wishes to prosecute the appeal;
(2) if appellant does wish to prosecute the appeal, determine whether good cause exists to relieve Emily Detoto of her duties as appellant's counsel;
(3) if Detoto is removed from the case, determine if appellant is indigent, and:
    a. if appellant is indigent, appoint substitute appellate counsel at no expense to appellant;
    b. if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:
        i. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing; or,
        ii. if appellant does not wish to proceed pro se, provide a deadline of no more than 30 days from the date of the hearing by which appellant must hire an attorney;
(4) if good cause to remove Detoto does not exist, set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 20 days from the date of the hearing;
(5) make any other findings and recommendations the trial court deems appropriate; and
(6) enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04(j)(2) (West Supp. 2013); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *Webb v. State*, 533 S.W.2d 780, 784, 785 (Tex. Crim. App. 1976) (stating that criminal defendant may not manipulate right to choose counsel so as to interfere with fair administration of justice; "The trial court should therefore admonish an accused who desires to represent himself regarding the wisdom and practical consequences of that choice."); *Carter v. State*, No. 01-95-00977-CR, 1997 WL 184385, *1 (Tex. App.—Houston [1st Dist.] April 17, 1997, pet. ref'd) (not designated for publication) ("Thus, the public interest in the fair and orderly administration of justice may be greater than an accused's right to have counsel of his own choice."); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial).

---

[*] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ Michael Massengale
         ☒ Acting individually      ☐ Acting for the Court


Date: November 12, 2013