COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Wydell Dixon v. The State of Texas

Appellate case numbers:     01-13-00408-CR; 01-13-00409-CR; 01-13-00410-CR;
                            01-13-00411-CR

Trial court case numbers:   12CR0748; 12CR0749; 12CR0750; 12CR0751

Trial court:                56th District Court of Galveston County

The complete record has been filed in the above-referenced appeals since July 18, 2013. Appellant's retained counsel, R. Scott Shearer, has not filed a brief on appellant's behalf. Appellant's brief was first due on August 19, 2013. On September 13 and September 19, 2013, the Clerk of this Court notified appellant that a brief had not yet been filed in any of these appeals and required that a response be filed within 10 days. Appellant responded on September 30, 2013, by requesting a 60-day extension of time. That same day, this Court granted the motion and ordered appellant to file his brief by October 18, 2013. On November 20, 2013, the Clerk of this Court again notified appellant that a brief had not yet been filed and required that a response be filed within 10 days. Nevertheless, appellant has neither responded to the second notice nor filed a brief.

We therefore abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, R. Scott Shearer, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) make a finding on whether appellant wishes to prosecute the appeal;
(2) if appellant does wish to prosecute the appeal, determine whether counsel R. Scott Shearer has abandoned the appeal;
(3) if counsel R. Scott Shearer has not abandoned the appeal:
   a. inquire of counsel the reasons, if any, that he has failed to file a brief on appellant's behalf;
   b. determine whether appellant has paid counsel's fee for preparing an appellate brief and determine whether appellant has made any other necessary arrangements for filing a brief; and
   c. set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;
(4) if R. Scott Shearer has abandoned this appeal, enter a written order relieving R. Scott Shearer of his duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:
   a. if appellant is now indigent, appoint substitute appellate counsel at no expense to appellant;
   b. if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing; or,
      ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney;
(5) make any other findings and recommendations the trial court deems appropriate; and
(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West Supp. 2013); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *Webb v. State*, 533 S.W.2d 780, 784, 785 (Tex. Crim. App. 1976) (stating that criminal defendant may not manipulate right to choose counsel so as to interfere with fair administration of justice; "The trial court should therefore admonish an accused who desires to represent himself regarding

the wisdom and practical consequences of that choice."); *Carter v. State*, No. 01-95-00977-CR, 1997 WL 184385, *1 (Tex. App.—Houston [1st Dist.] April 17, 1997, pet. ref'd) (not designated for publication) ("Thus, the public interest in the fair and orderly administration of justice may be greater than an accused's right to have counsel of his own choice."); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial), 26.04(j)(2) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 30 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 30 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so **ORDERED**.


Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
                       ☑ Acting individually    ☐ Acting for the Court


Date:  February 4, 2014