COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Kelvin Morris Jones, Jr. v. The State of Texas

Appellate case number:   01-15-00028-CR and 01-15-00029-CR

Trial court case number: 13-03-02825 CR (Count 1) and 13-02-02825 CR (Count 2)

Trial court:                      359th District Court of Montgomery County

Appellant's retained counsel, Luro Taylor, has not filed a brief on appellant's behalf. The complete record was filed in the above-referenced appeal on February 8, 2015; therefore, appellant's brief was due on March 11, 2015. *See* TEX. R. APP. P. 38.6(a). On March 26 and March 30, 2015, the Clerk of this Court notified appellant's counsel, Luro Taylor, that a brief had not been filed and, unless appellant filed a motion requesting an extension of time along with appellant's brief or a motion to extend time to file appellant's brief no later than April 6, 2015, the Court might be required to order the trial court to conduct a hearing pursuant to rule 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3). Appellant filed a motion for extension of time, which this Court granted. After this Court granted a second motion for extension of time, appellant's brief was due on July 6, 2015. On July 13, 2015, the Clerk of this Court again notified appellant's counsel that a brief had not been filed and, unless appellant filed a brief no later than July 23, 2015, the Court might be required to order the trial court to conduct a hearing pursuant to rule 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3). Counsel has not filed a brief on appellant's behalf or otherwise responded.

Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Montgomery County District Attorney's Office and appellant's counsel, Luro Taylor, shall be present. *See* TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

1      Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) make a finding on whether appellant wishes to prosecute the appeal;

(2) if appellant wishes to prosecute the appeal, determine whether counsel Luro Taylor has abandoned the appeal;

(3) if counsel Luro Taylor has not abandoned the appeal:
   a. inquire of counsel the reasons, if any, that he has failed to file a brief on appellant's behalf;
   b. determine whether appellant has paid counsel's fee for preparing an appellate brief and determine whether appellant has made any other necessary arrangements for filing a brief; and
   c. set a date when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(4) if Luro Taylor has abandoned this appeal, enter a written order relieving Luro Taylor of his duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:
   a. if appellant is now indigent, appoint substitute appellate counsel at no expense to appellant;
   b. if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing; or,
      ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney, which must be no more than 30 days from the date of the hearing;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

See TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West Supp. 2014); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *Webb v. State*, 533 S.W.2d 780, 784, 785 (Tex. Crim. App. 1976) (stating that criminal defendant may not manipulate right to choose counsel so as to interfere with fair administration of justice; "The trial court should therefore admonish an accused who desires to represent himself regarding the wisdom and practical consequences of that choice."); *Carter v. State*, No. 01-95-00977-CR, 1997 WL 184385, *1 (Tex. App.—Houston [1st Dist.] April 17, 1997, pet. ref'd) (not designated for publication) ("Thus, the public interest in the fair and orderly administration of justice may be greater than an accused's right to have

representing the State.

counsel of his own choice."); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial), 26.04(j)(2) (West Supp. 2014) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court no later than 30 days from the date of this order. The court reporter is directed to file the reporter's record of the hearing no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ <u>Terry Jennings</u>
                    ☑ Acting individually    ☐ Acting for the Court


Date:  September 15, 2015