COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Kelor King v. The State of Texas

Appellate case number:      01-15-00237-CR

Trial court case number:    1437649

Trial court:                262nd District Court of Harris County

On September 30, 2014, appellant, Kelor King, pleaded guilty to the second-degree felony offense of assault of family member – second offender and impeding breathing, for which the trial court placed him on deferred adjudication community supervision for six years. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 22.01(b-1), 42.12, § 5(a) (West Supp. 2014). On February 18, 2015, after appellant pleaded true to the allegations that he had violated the terms and conditions of his probation in the State's motion to adjudicate his guilt, the trial court assessed appellant's punishment at five years' confinement. *See id.* at § 42.12, § 5(b). The trial court certified appellant's right of appeal because this was not a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2)(B).

On February 25, 2015, appellant timely filed a *pro se* notice of appeal from the judgment adjudicating guilt, and on March 2, 2015, the trial court appointed Keisha Smith to represent appellant. *See* TEX. R. APP. P. 26.2(a)(1). On April 24, 2015, after the reporter's record was filed, completing the appellate record, appellant's brief deadline was set for May 26, 2015. *See id.* at 38.8(a)(2).

On June 12, 2015, the Clerk of this Court notified appellant's counsel, Ms. Smith, that a brief had not been timely filed and that if this Court did not receive appellant's brief or an extension motion within ten days of that notice, it may order the trial court to conduct the late-brief abatement hearing as required by Texas Rule of Appellate Procedure 38.8(b)(2). Counsel has not timely filed a brief or a motion.

Instead, on July 27, 2015, appellant filed a *pro se* request to withdraw his appeal, which was not signed by his counsel. On August 6, 2015, the Court construed appellant's request as a motion to dismiss the appeal, and dismissed it without prejudice to refiling with his counsel's signature. *See* TEX. R. APP. P. 42.2(a). Because the clerk's record, filed on April 17, 2015, did not contain any order showing that Ms. Smith had been discharged by the trial court, she continues to represent appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (West Supp. 2014).

On September 14, 2015, appellant filed a second *pro se* request to withdraw his appeal, which again was not signed by his counsel. The Court again construes appellant's second request as a second motion to dismiss the appeal, and **dismisses it without prejudice** to refiling with his counsel's signature. *See* TEX. R. APP. P. 42.2(a).

Accordingly, we sua sponte **abate** this appeal and **remand** the cause to the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Keisha Smith, shall be present. *See* TEX. R. APP. P. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court shall have a court reporter record the hearing. We direct the trial court to:

1) make a finding on whether appellant wishes to prosecute this appeal;
2) if appellant does not wish to prosecute the appeal, provide a final deadline by which both appellant's counsel and appellant sign a written motion to dismiss that complies with Texas Rule of Appellate Procedure 42.2(a), and counsel files it with the Clerk of this Court, which shall be no more than 30 days from the date of the hearing;
3) if appellant does wish to prosecute this appeal, determine whether Keisha Smith has abandoned the appeal;
4) if counsel Keisha Smith has not abandoned the appeal:
   a. inquire of counsel the reasons, if any, that she has failed to file a

---

[1] Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

brief on appellant's behalf; and

b. set a date when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

5) if Keisha Smith has abandoned this appeal, enter a written order relieving Keisha Smith of her duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:

a. if appellant is still indigent, appoint substitute appellate counsel at no expense to appellant;

b. if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:

i. determine whether appellant is knowingly and intelligently waiving his right to counsel; and

ii. if so, obtain a written waiver of the right to counsel and provide appellant with a copy of a written order setting a date when appellant's *pro se* brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing; or

iii. if appellant is not indigent and does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney, which must be no more than 30 days from the date of the hearing;

6) make any other findings and recommendations the trial court deems appropriate; and

7) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West Supp. 2014); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003); *Webb v. State*, 533 S.W.2d 780, 784, 785 (Tex. Crim. App. 1976); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g), 26.04(j)(2).

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court no later than **30 days** from the date of this order. *See* TEX. R. APP. P. 34.5(c). The court reporter is directed to file the supplemental reporter's record of the hearing no later than **30 days** from the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court no later than **30 days** from the date of this order.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the

supplemental clerk's record and the supplemental reporter's record are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

If appellant files a motion to dismiss which complies with Texas Rule of Appellate Procedure 42.2(a) **within 15 days** of the date of this order, together with a motion requesting that we reinstate the appeal, we may withdraw this order and reinstate the appeal.

It is so **ORDERED**.

Judge's signature: /s/ <u>Evelyn V. Keyes</u>
⊠ Acting individually     ☐ Acting for the Court

Date:  September 22, 2015