

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
|  | § |  |
| THE STATE OF TEXAS, | § | No. 08-16-00322-CR |
| State, | § | Appeal from the |
| v. | § | 120th District Court |
| GEORGE FRANK DIAMOS, III, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20130D05419) |

## **O R D E R**

On December 20, 2017, the Court granted a motion to withdraw filed by the El Paso County Public Defender's Office and Mr. Jaime Gandara, and we ordered the trial court to appoint new counsel to represent Appellant on appeal. On January 3, 2018, the trial court appointed Mr. Joe Rosales to represent Appellant, but the trial court entered a second order appointing Mr. Leonard Morales. It is the Court's understanding that Mr. Morales, not Mr. Rosales, is appointed to represent Appellant in this appeal. On January 22, 2018, Appellant filed a letter stating that he intends to file a motion requesting that Mr. Rosales and Mr. Morales be removed as his counsel because neither attorney has met with him to discuss the appeal. The briefs have been filed in this case and it is set for submission on February 22, 2018. Rather than delay ruling on Appellant's request to replace appointed counsel with another attorney, we have construed his letter as a motion. An indigent defendant is entitled to representation by court-appointed counsel, but he is not entitled to court-appointed counsel of his choice. *Stearnes v. Clinton*, 780 S.W.2d 216, 221 (Tex.Crim.App. 1989). Appellant is required to accept the attorney appointed by the trial court unless he establishes adequate cause for appointment of a different attorney. *See Webb v. State*, 533 S.W.2d 780, 784 n. 3 (Tex.Crim.App. 1976). Appellant has failed to establish adequate cause for replacement of appointed counsel with a different attorney. The motion is DENIED.

IT IS SO ORDERED this 23rd day of January, 2018.

PER CURIAM

Before McClure, C.J., Rodriguez, and Palafox, JJ.