IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-309-CR




JOE RUEDAS, a/k/a PACK RUEDAS, a/k/a PICO RUEDAS



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 104,162, HONORABLE BOB PERKINS, JUDGE


 





PER CURIAM

 A jury found appellant guilty of aggravated robbery. Tex. Pen. Code Ann. § 29.03
(Supp. 1991). The district court assessed punishment, enhanced by a previous felony conviction,
at imprisonment for twenty years.

 Appellant has filed a motion to represent himself on this appeal. This motion was
tendered for filing on July 24, 1991, fourteen weeks after a brief was filed on his behalf by his
appointed attorney and ten weeks after the State's brief was filed.

 An appellant has the right to reject the assistance of counsel and represent himself
on appeal. Faretta v. California, 422 U.S. 806 (1975); Webb v. State, 533 S.W.2d 780 (Tex.
Cr. App. 1976). But the right of self-representation is not a license to capriciously upset the
appellate timetable or to thwart the orderly and fair administration of justice. Webb, 533 S.W.2d
at 784. It is the opinion of this Court that, except in extraordinary circumstances, it is
inconsistent with the orderly administration of justice to entertain a request for self-representation
first made after the State's brief has been filed and the cause is ready for submission. Compare
Hubbard v. State, 739 S.W.2d 341 (Tex. Cr. App. 1987) (a request to dismiss appointed counsel
and proceed pro se was timely even though made after defense counsel had filed his brief). Such
extraordinary circumstances are not shown to be present in this cause. Therefore, appellant's
motion to proceed pro se is overruled as untimely. We will now address the points of error raised
in counsel's brief.

 Shortly after midnight on July 25, 1990, appellant entered a convenience store in
Austin and purchased a bag of potato chips. A few minutes later, appellant was seen outside the
store taking two bags of ice from the ice machine. Charles Fisher, one of the two clerks on duty,
walked outside "to tell him, you know, put the ice back, come in and pay for it, whatever the
circumstances, whatever he was going to do." When Fisher approached him, appellant dropped
the bags of ice, retreated to the side of the ice machine, and picked up a rifle which he pointed
at Fisher. Fisher retreated into the store, where he called the police. When he again went
outside, appellant was gone and the bags of ice were as far as twenty feet from where they had
previously been.

 In his first point of error, appellant contends the evidence is insufficient to sustain
the verdict of guilt because the State failed to prove that he was acting in the course of committing
theft. Appellant notes that there was testimony that it was not unusual for customers at the
convenience store to take bags of ice from the machine before paying for them. But the typical
convenience store customer does not point a rifle at the store clerk. By brandishing a weapon as
he did, appellant clearly manifested an intent to unlawfully appropriate the ice. Further, the jury
could reasonably conclude from the circumstances that the clerk had a greater right to possession
of the ice than appellant. We conclude that the evidence is sufficient to support a finding beyond
a reasonable doubt that appellant pointed the rifle at Fisher while in the course of committing
theft. See Jackson v. Virginia, 443 U.S. 307 (1974); Carlsen v. State, 654 S.W.2d 444, 448
(Tex. Cr. App. 1983) (opinion on rehearing).

 We are also unpersuaded by appellant's contention that the State failed to prove that
he acted with intent to obtain and maintain control of the ice. Although appellant abandoned the
bags of ice when he fled, the jury could reasonably conclude that he removed the bags from the
machine intending to take them. Griffin v. State, 614 S.W.2d 155, 159 (Tex. Cr. App. 1981). 
The first point of error is overruled.

 In points of error two and three, appellant complains of the district court's refusal
to charge the jury on the lesser included offenses of aggravated assault and theft. The question
presented by these points is whether there is evidence that appellant, if guilty, was guilty only of
the included offense. Aguilar v. State, 682 S.W.2d 556 (Tex. Cr. App. 1985); Royster v. State,
622 S.W.2d 442, 446 (Tex. Cr. App. 1981) (opinion on rehearing).

 With respect to the included offense of aggravated assault, appellant suggests that
the jury might have concluded that he was not stealing the bags of ice and pointed the rifle at
Fisher for some other reason. However, appellant does not refer us to any evidence which, if
believed, would support this conclusion. It may be true that, considered out of context, taking
the bags of ice from the machine did not constitute a theft. But in deciding if a lesser included
offense is raised, all of the evidence must be considered. Godsey v. State, 719 S.W.2d 578, 584-85 (Tex. Cr. App. 1986). The seemingly innocent act of removing bags of ice from a machine
takes on an entirely different meaning when considered with the assault against the store's clerk. 
The evidence as a whole does not support the inference that appellant was guilty only of the
assault.

 In support of his contention that the jury should have been charged on theft,
appellant points to testimony that no weapon was found in or near his residence (which was
approximately two blocks from the convenience store) when he was arrested a short time after the
offense. He also cites the testimony of a neighbor, who said he saw appellant walking to and from
the convenience store on the night in question but did not see a weapon. But this testimony, if
believed, does not compel the conclusion that appellant was guilty only of theft. Both clerks at
the store testified that appellant was armed with a rifle and pointed the weapon at Fisher. This
testimony is not contradicted by the evidence cited by appellant. Points of error two and three
are overruled.

 Finally, appellant urges that he was denied due process and due course of law
because the court refused to order the State to disclose all the information it had concerning the
criminal history of the potential jurors. In response to appellant's motion, the court ordered the
State to disclose if any venire member had a conviction for a felony or crime of moral turpitude. 
The court refused to order the disclosure of arrest records.

 Appellant cites no authority holding that he was entitled to discover the arrest
records of the venire members. Although he claims that such information was used by the State
during jury selection, appellant does not refer us to any evidence in the record to substantiate that
claim. Appellant does not argue that he was denied the right to question the venire members
concerning prior criminal charges against them. In answer to questions by the prosecutor, one
member of the jury panel disclosed a prior arrest and several others disclosed that a family
member had been arrested or convicted. Appellant does not contend that any pertinent
information was concealed by a venire member. Reversible error is not presented.

 The judgment of conviction is affirmed.



[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: August 28, 1991

[Do Not Publish]