IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00042-CR

 

Gregory Scott Goddard,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 220th District Court

Bosque County, Texas

Trial Court No. 04-05-13760-BCCR

 



abatement ORDER



 

Appellant’s brief was originally due
on March 14, 2005.  We granted three extensions of time to file the brief.  On
May 26, we sent a letter to Gregory Goddard’s appointed counsel, Andrew W.
Lucas, indicating that the brief was due on May 13, and requested a brief be
filed within 10 days of the date of the letter.  To date, no brief or extension
request has been filed.

Therefore, we abate this cause to
the trial court with instructions to hold a hearing to determine: (1) why a
proper brief has not been filed on Goddard’s behalf; (2) whether his attorney
has abandoned the appeal; (3) whether Goddard still desires to proceed with the
appeal; and (4) whether Goddard desires to represent himself.  See Tex. R. App. P. 38.8(b)(2). 

If the court determines that counsel
is unable or unwilling to comply with this Court’s directives, the court should
consider appointing other counsel to represent Goddard.  See Tex. Code Crim. Proc. Ann. art.
26.04(j)(2) (Vernon Supp. 2004–05).  In a similar manner, if the court
determines that counsel has abandoned the appeal, the court must appoint other
counsel.

If Goddard no longer wishes to
pursue an appeal, he must sign and file a written withdrawal of his notice of
appeal.  See Tex. R. App. P. 42.2;
McClain v. State, 17 S.W.3d 310, 311 (Tex. App.CWaco 2000, no pet.).

If Goddard expresses a desire to
proceed pro se, the trial court shall admonish him on the record “of the
dangers and disadvantages of self-representation.”  Tex. Code Crim. Proc. Ann. art. 1.051(g) (Vernon 2005); see
also Fewins v. State, No. 10-04-00189-CR (Tex. App.—Waco September 7, 2005,
order).  If the court determines that he has voluntarily and intelligently
waived his right to counsel, the court shall require him to execute a written
waiver of counsel which substantially complies with article 1.051(g).  Id.

Because the trial court must
admonish Goddard on the record regarding his right to self-representation and
because the court must ascertain whether Goddard still desires to prosecute his
appeal and determine whether any waiver of counsel is voluntarily and
intelligently made, Goddard must be afforded an opportunity to personally
participate in the abatement hearing.  This does not necessarily mean, however,
that he must personally appear at the hearing.

Frequently in civil litigation involving
prison inmates, trial courts permit the inmates to participate in hearings via
teleconference.  See In re Z.L.T., 124 S.W.3d 163, 165-66 (Tex. 2003).  We are aware of no reason why a similar procedure could not be employed here. 
Cf. Webb v. State, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976) (pro se
criminal appellant has no right to appear before appellate court and
present argument).  Any paperwork (e.g., waiver of appeal or waiver of
counsel) could be completed through the mail.  These of course are matters we
leave to the discretion of the trial court.

The trial court shall, within thirty
days after the date of this Order: (1) conduct the hearing; (2) cause a court
reporter to make a record of the hearing; (3) make appropriate orders and
findings of fact and conclusions of law; and (4) deliver any orders and
findings of fact and conclusions of law to the trial court clerk.  The trial
court shall inform Goddard’s counsel, or Goddard himself if pro se, that
his brief is due within thirty days after the date of the hearing.

The trial court clerk shall: (1)
prepare a supplemental clerk=s record containing all orders and findings of
fact and conclusions of law which the trial court renders or makes; and (2)
file the supplemental clerk=s record with the Clerk of this Court within
forty-five days after the date of this Order.

The court reporter shall prepare and
file a supplemental reporter’s record containing a transcription of the hearing
within forty-five days after the date of this Order.

           
                                                                 

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

          (Chief
Justice Gray concurs with a note:  Chief Justice Gray agrees to abate the case
pursuant to Rule 38.8(b).  Any elaboration beyond that is advisory only and is
not joined in by Chief Justice Gray.)

Appeal abated

Order issued and filed
September 14, 2005

Do not publish






le='text-align:center;line-height:200%'>Sufficiency of the Judgment

      In
his final issue, Cooper challenges the sufficiency of the judgment in that it
was entered against him personally although he was not responsible for the
unpaid taxes.   The judgment awards the Hamilton County entities foreclosure of
the tax liens “as against the Defendants or any person claiming under the
Defendants by any right acquired during the pendency of this suit.”  It further
provides that “no personal money judgment is granted against any Defendant.” 
Based on this language, we find that this judgment is in rem as it
provides solely for the foreclosure of the tax lien.  The effect of a judgment in
rem is limited to the property that supports the jurisdiction and does not
impose a personal liability on the property owner.  HMS Aviation v. Layale
Enter., S.A., 149 S.W.3d 182, 187 n.1 (Tex. App.—Fort Worth 2004, no pet.). 
Accordingly, we overrule Cooper’s seventh issue.




Conclusion

We affirm the judgment.

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed October 18, 2006

[CV06]









    [1]   The
judgment contains a “Mother Hubbard” clause denying all relief not granted.