Opinion filed August 6, 2009











 
 
  
 
 







 
 
  
 
 




 Opinion filed August 6,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00380-CR 

                                                    __________

 

                                RONALD GENE WOOTEN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

                                                        Midland
County, Texas

                                                 Trial
Court Cause No. CR33597

 



 

                                              M
E M O R A N D U M  O P I N I O N

 

 Ronald
Gene Wooten was indicted for aggravated assault with a deadly weapon.  He
pleaded guilty, and the jury assessed his punishment at six years confinement. 
Wooten challenges his conviction with a single issue, contending that the trial
court erred by failing to make a thorough inquiry into the reasons for his
dissatisfaction with his appointed counsel.








Counsel
was appointed for Wooten on June 8, 2007.  Counsel filed a motion to reduce
Wooten=s bail on June
21 and filed several pretrial motions on July 5, including a request for
appointment of an investigator.  The trial court appointed an investigator on
August 8.  Counsel filed a motion to withdraw on August 13, and the trial court
held a hearing on August 16.  The trial court gave Wooten the opportunity to
explain why he wanted new counsel.  He complained that counsel would not let
him look through his file, that counsel treated him like a child, that counsel
wanted to talk about matters unrelated to his case, and that counsel told him
that he had to plead guilty.  The trial court asked about the investigator, and
counsel explained that she had been on vacation and was behind.  Counsel
indicated that the investigator could probably not complete her work before the
scheduled pretrial but could before trial.  Counsel also explained that he had
been delayed transcribing the State=s
file because his legal assistant had been out.  Wooten was given the chance to
provide any additional information to the trial court, and he said that he had
nothing else to add.  The trial court announced that the final pretrial hearing
would be delayed, and it asked Wooten to give counsel another opportunity,
explaining that he was an excellent attorney and that the local investigators
were behind in their work because of a shortage of people.

The
issue arose again during plea discussions.  Wooten apparently signed documents
in connection with a plea agreement, but he told the trial court that he wanted
to plead nolo contendere because he was not guilty.  The trial court advised
Wooten that it would not accept his guilty plea and that it would set his case
for trial.  Counsel stated that he was having difficulty with Wooten and that a
hearing on the motion to withdraw was probably necessary.  The trial court
asked Wooten if he was still unhappy with his counsel, and Wooten responded:

Yeah,
that=s the main reason
why I wanted to withdraw my plea.  I would like to plead out.  But I would like
to have an attorney to look at my case, and see what I have got, before I
accept the plea, you know.

 

The State
announced that it was withdrawing its five-year plea offer.  Wooten tried to
change his position to accept the five-year offer, but the trial court reminded
him that it could not accept a guilty plea from someone who was not guilty and
scheduled a hearing for the next day on the motion to withdraw.








At
this hearing, Wooten told the trial court that he had threatened someone with a
knife and that he wanted to accept the State=s
plea offer of five years.  The trial court refused to accept Wooten=s plea and asked if he
still wanted his counsel removed.  Wooten was given the opportunity to visit
with his counsel, and he told the trial court that he wanted to keep appointed
counsel.  Wooten subsequently elected to have a jury determine his punishment. 
At trial, the State abandoned three enhancement paragraphs, Wooten pleaded
guilty, and the jury assessed his punishment at six years confinement.

A
trial court=s decision
to allow a withdrawal and substitution of counsel is reviewed under an abuse of
discretion standard. King v. State, 29 S.W.3d 556, 566 (Tex. Crim. App.
2000).  Wooten argues that the trial court abused its discretion because it
failed to make a thorough inquiry into the reasons for his dissatisfaction with
his appointed counsel and that without this inquiry it could not determine if
good cause had been shown.  The trial court, however, has no obligation to make
an independent inquiry.  The burden is on the defendant to show that he is
entitled to a change of counsel.  Webb v. State, 533 S.W.2d 780, 784
(Tex. Crim. App. 1976).  

Wooten=s request for new counsel
was discussed at two pretrial hearings, and on both occasions he was given the
opportunity to explain why he wanted a new attorney.  The reasons he
articulated suggest personality conflict or disagreements over the pace of
counsel=s pretrial
investigation.  These are insufficient to allow a withdrawal of appointed
counsel.  King, 29 S.W.3d at 566.  The trial court had considerable
evidence that counsel was diligently representing Wooten, and the jury=s verdict confirms this. 
Wooten=s indictment
alleged a second degree felony and three enhancements.  Wooten, therefore,
faced the possibility of life in prison.  Moreover, in response to counsel=s pretrial discovery, the
State identified fifteen convictions and eight arrests that it might try to
introduce.  The State abandoned the enhancement allegations in exchange for
Wooten=s guilty
plea B a strong
indication that counsel was effective, but Wooten still faced the potential of
twenty years confinement.  The jury=s
six-year sentence in spite of Wooten=s
considerable criminal record is further testament to counsel=s representation.

 
Wooten has not identified an abuse of discretion by the trial court or harm
from counsel=s
representation.  Wooten=s
issue is overruled.

The
judgment of the trial court is affirmed.

 

 

August 6, 2009                                                             RICK
STRANGE

Do not publish.  See Tex. R. App. P. 47.2(b).             JUSTICE

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.