Opinion filed August 6, 2009



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00380-CR
_____

## RONALD GENE WOOTEN, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR33597**

### M E M O R A N D U M   O P I N I O N

Ronald Gene Wooten was indicted for aggravated assault with a deadly weapon. He pleaded guilty, and the jury assessed his punishment at six years confinement. Wooten challenges his conviction with a single issue, contending that the trial court erred by failing to make a thorough inquiry into the reasons for his dissatisfaction with his appointed counsel.

Counsel was appointed for Wooten on June 8, 2007. Counsel filed a motion to reduce Wooten's bail on June 21 and filed several pretrial motions on July 5, including a request for appointment of an investigator. The trial court appointed an investigator on August 8. Counsel filed a motion to withdraw on August 13, and the trial court held a hearing on August 16. The trial court

gave Wooten the opportunity to explain why he wanted new counsel. He complained that counsel would not let him look through his file, that counsel treated him like a child, that counsel wanted to talk about matters unrelated to his case, and that counsel told him that he had to plead guilty. The trial court asked about the investigator, and counsel explained that she had been on vacation and was behind. Counsel indicated that the investigator could probably not complete her work before the scheduled pretrial but could before trial. Counsel also explained that he had been delayed transcribing the State's file because his legal assistant had been out. Wooten was given the chance to provide any additional information to the trial court, and he said that he had nothing else to add. The trial court announced that the final pretrial hearing would be delayed, and it asked Wooten to give counsel another opportunity, explaining that he was an excellent attorney and that the local investigators were behind in their work because of a shortage of people.

The issue arose again during plea discussions. Wooten apparently signed documents in connection with a plea agreement, but he told the trial court that he wanted to plead nolo contendere because he was not guilty. The trial court advised Wooten that it would not accept his guilty plea and that it would set his case for trial. Counsel stated that he was having difficulty with Wooten and that a hearing on the motion to withdraw was probably necessary. The trial court asked Wooten if he was still unhappy with his counsel, and Wooten responded:

> Yeah, that's the main reason why I wanted to withdraw my plea. I would like to plead out. But I would like to have an attorney to look at my case, and see what I have got, before I accept the plea, you know.

The State announced that it was withdrawing its five-year plea offer. Wooten tried to change his position to accept the five-year offer, but the trial court reminded him that it could not accept a guilty plea from someone who was not guilty and scheduled a hearing for the next day on the motion to withdraw.

At this hearing, Wooten told the trial court that he had threatened someone with a knife and that he wanted to accept the State's plea offer of five years. The trial court refused to accept Wooten's plea and asked if he still wanted his counsel removed. Wooten was given the opportunity to visit with his counsel, and he told the trial court that he wanted to keep appointed counsel. Wooten subsequently elected to have a jury determine his punishment. At trial, the State abandoned

three enhancement paragraphs, Wooten pleaded guilty, and the jury assessed his punishment at six years confinement.

A trial court's decision to allow a withdrawal and substitution of counsel is reviewed under an abuse of discretion standard. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). Wooten argues that the trial court abused its discretion because it failed to make a thorough inquiry into the reasons for his dissatisfaction with his appointed counsel and that without this inquiry it could not determine if good cause had been shown. The trial court, however, has no obligation to make an independent inquiry. The burden is on the defendant to show that he is entitled to a change of counsel. *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976).

Wooten's request for new counsel was discussed at two pretrial hearings, and on both occasions he was given the opportunity to explain why he wanted a new attorney. The reasons he articulated suggest personality conflict or disagreements over the pace of counsel's pretrial investigation. These are insufficient to allow a withdrawal of appointed counsel. *King*, 29 S.W.3d at 566. The trial court had considerable evidence that counsel was diligently representing Wooten, and the jury's verdict confirms this. Wooten's indictment alleged a second degree felony and three enhancements. Wooten, therefore, faced the possibility of life in prison. Moreover, in response to counsel's pretrial discovery, the State identified fifteen convictions and eight arrests that it might try to introduce. The State abandoned the enhancement allegations in exchange for Wooten's guilty plea – a strong indication that counsel was effective, but Wooten still faced the potential of twenty years confinement. The jury's six-year sentence in spite of Wooten's considerable criminal record is further testament to counsel's representation.

Wooten has not identified an abuse of discretion by the trial court or harm from counsel's representation. Wooten's issue is overruled.

The judgment of the trial court is affirmed.


August 6, 2009                                                    RICK STRANGE

Do not publish. *See* TEX. R. APP. P. 47.2(b).           JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3