COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Kevin Dewayne Ward v. The State of Texas

Appellate case number:   01-11-01015-CR

Trial court case number: 1778267

Trial court:                    County Criminal Court at Law No. 8, Harris County, Texas

Appellant Kevin Dewayne Ward was convicted of the misdemeanor offense of evading arrest on November 2, 2011. The clerk's record contains a written waiver of appellant's right to counsel executed by appellant prior to trial and a pre-trial order of the trial court stating that defendant voluntarily and knowingly waived counsel. However, the trial court's certification of appellant's right of appeal, which indicates appellant has the right of appeal, is signed by counsel John Papantonakis, and the notice of appeal contains a request to withdraw from John Papantonakis, which was granted by the trial court. The clerk's record does not indicate whether appellant changed his mind about counsel in the trial court or whether John Papantonakis served as standby counsel. No appellate counsel was appointed after the trial court granted Papantonakis's motion to withdraw, and one of the trial court's post-trial orders granting appellant a free record due to his indigent status simply indicates that "[appellant] insists on representing himself on appeal."

The clerk's record therefore does not clearly reflect that appellant has been admonished regarding the dangers and disadvantages of self-representation on appeal and has voluntarily, knowingly and intelligently waived his right to counsel on appeal or that appellant has executed a written waiver of the right to counsel on appeal. *See* TEX. CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f) (West Supp. 2011) (granting right to representation by counsel in criminal matters; entitling indigent defendant in criminal proceeding to appointed counsel; entitling indigent defendant to appointed counsel for appeal to court of appeals; and authorizing written waiver of right to counsel if made voluntarily and intelligently). Furthermore, this Court's review of appellant's purported waiver has been frustrated by the failure of the court reporter to file the reporter's record.

On November 10, 2011, the trial court signed an order directing the court reporter to prepare and file the reporter's record of the underlying trial and proceedings without charge to appellant. The record in this appeal was due on January 2, 2012. On April 27, 2012, a notice was sent to the court reporter, Angelia Singleton, instructing her to file the record by May 10, 2012. The court reporter has not responded to the notice or to the subsequent attempts by the clerk's office to contact Singleton.

Accordingly, we abate this appeal and remand the case to the trial court for a hearing at which appellant shall be present in person. If appellant is now incarcerated, he may appear by closed video teleconference.[1] The court coordinator of the trial court shall set a date for said hearing and notify the parties, including appellant. We direct the trial court to:

1) Admonish appellant of the dangers and disadvantages of self-representation, and
2) Determine whether appellant is knowingly and voluntarily waiving his right to counsel, and
   a. if so, obtain a written waiver of the right to counsel; or
   b. if appellant does not wish to proceed pro se, appoint appellate counsel at no expense to appellant and include the name, address, and bar card number of counsel in the special clerk's record to be sent to this Court;
3) Make findings regarding the reasons that the court reporter, Angelia Singleton, has failed to file the record of the underlying trial and proceedings in this appeal, and issue a written order directing Singleton to file the complete reporter's record in this appeal no later than 15 days from the date of the hearing, regardless of whether this Court has yet reinstated the appeal.[2]

*See* TEX. CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f); *Webb v. State*, 533 S.W.2d 780, 785 (Tex. Crim. App. 1976) ("The trial court should therefore admonish an accused who desires to represent himself regarding the wisdom and practical consequences of that choice."); TEX. R. APP. P. 35.3(c).

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record of the hearing with the Court **no later than 30 days from the date of this order**. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

[2]    Due to the nearly six month delay in filing the reporter's record, no further extensions will be granted absent extraordinary circumstances. *See* TEX. R. APP. P. 35.3(c).

**no later than 30 days from the date of this order**. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than 15 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.

Judge's signature:/s/ **Justice Michael Massengale**

    ☑ Acting individually           ☐ Acting for the Court

Date: July 31, 2012