COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      James Conner v. The State of Texas

Appellate case number:   01-11-00935-CR

Trial court case number:  1722189

Trial court:                     County Criminal Court at Law No. 12 of Harris County, Texas

On April 6, 2012, this Court abated the above-captioned appeal and directed the trial court to provide this Court with information regarding appellant's counsel on appeal. We directed the trial court to obtain from the appellant the name, address, and telephone number of retained counsel, if appellant had retained appellate counsel. On April 19, 2012, a hearing record was filed in this Court. The record reflects that appellant told the trial court that he had retained appellate counsel, and he provided the trial court with a name, address, and telephone number of his purported appellate counsel. Therefore, this Court reinstated the appeal.

Appellant told the trial court that his retained appellate counsel was Eddrea McKnight. However, McKnight has informed the Clerk of this Court that she was not and never has been retained by appellant.

Accordingly, we abate this appeal and remand the case to the trial court for another hearing, at which appellant shall be present in person. The court coordinator of the trial court shall set a date for said hearing and notify the parties, including personal notice to the appellant. If appellant is now incarcerated, he may appear by closed video teleconference.[1] We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

1) Whether appellant still wishes to pursue this appeal;

2) If so, the trial court shall ascertain and make a fact finding of whether appellant has retained an attorney to file a brief on his behalf in this appeal, and, if so, the name, address, and telephone number of retained counsel[2] and execute a written order directing counsel to file with the Clerk of this Court within 10 days of the date of the hearing, and regardless of whether this Court has yet reinstated this appeal, (a) a written notice of appearance; and (b) proof that appellant has paid or made arrangements to pay for the reporter's record in this case, or a statement that appellant will not pay for the reporter's record in this case;[3]

3) Regardless of whether appellant has retained counsel, the trial court shall admonish appellant of the dangers and disadvantages of self-representation. If appellant has not retained counsel, the trial court shall

    a. determine whether appellant is knowingly and intelligently waiving his right to counsel and if so, execute a written order directing appellant to file with the Clerk of this Court within 10 days of the date of the hearing, and regardless of whether this Court has yet reinstated this appeal, proof that appellant has paid or made arrangements to pay for the reporter's record in this case, or a statement that appellant will not pay for the reporter's record in this case;[4] or,

    b. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney no later than 10 days from the date of the hearing and provide that attorney's information within the deadline to the trial court clerk for inclusion in a special clerk's record to be filed with this Court. In the event appellant is given 10 days to retain counsel, the trial court shall schedule yet another hearing, at which appellant and his retained counsel shall be present in person, for the purpose of the trial court making the fact findings described above or otherwise creating a record to demonstrate whether appellant is making a knowing and intelligent waiver of his right to counsel.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d), (f), 26.04(j); TEX. R. APP. P. 35.3(c); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly

---

2    If appellant has retained counsel, the trial court is directed to confirm with counsel that appellant has retained that person, and execute a written order confirming counsel's retention, to be included in the special clerk's record to be submitted to this Court.

3    Due to the previous delays in this appeal, no extensions shall be given for appellant's payment of the record absent extraordinary circumstances. *See* TEX. R. APP. P. 35.3(c). If such evidence is not filed in this Court by the deadline, the Court may require appellant to file his brief and will decide those issues and points that do not require a reporter's record. *See* TEX. R. APP. P. 37.3(c).

4    *See supra* note 3.

administration of justice); *Webb v. State*, 533 S.W.2d 780, 784, 785 (Tex. Crim. App. 1976) (stating that criminal defendant may not manipulate right to choose counsel so as to interfere with fair administration of justice; "The trial court should therefore admonish an accused who desires to represent himself regarding the wisdom and practical consequences of that choice."); *Carter v. State*, No. 01-95-00977-CR, 1997 WL 184385, *1 (Tex. App.—Houston [1st Dist.] April 17, 1997, pet. ref'd) (not designated for publication) ("Thus, the public interest in the fair and orderly administration of justice may be greater than an accused's right to have counsel of his own choice.").

The trial court shall have a court reporter, or court recorder, record the hearing(s) and file the reporter's record(s) with the Court **no later than 30 days from the date of this order**. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court **no later than 30 days from the date of this order**. If a hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record(s) of the hearing(s) are filed in this Court.

It is so ORDERED.

Judge's signature: /s/ Justice Michael Massengale
⊠ Acting individually    ☐ Acting for the Court

Date: August 2, 2012