**Pedro COLON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–84–00532–CR.

Court of Appeals of Texas, San Antonio.

Sept. 30, 1986.

Gustavo Acevedo, Laredo, for appellant.

Julio Garcia, Dist. Atty., Laredo, for appellee.

Before CADENA, C.J., and BUTTS and DIAL, JJ.

## OPINION

PER CURIAM.

Appellant, Pedro Colon, was convicted of theft. He argues that the trial court committed reversible error by denying his constitutional right to self-representation.

Prior to trial, appellant moved to dismiss his court appointed attorney, claiming that he was unable to agree with counsel's trial strategy. In an effort to placate appellant, the trial court granted his motion in part, dismissing counsel but appointing a replacement on three separate occasions.

The trial court, obviously concerned that appellant lacked the necessary skills to adequately represent himself, refused to allow him to proceed without counsel. She engaged in lengthy colloquies in an attempt to dissuade appellant from waiving counsel. However, appellant remained adamant that he wished to go forward on his own:

> THE COURT: ... We've already indicated to you that we're going to reset this for the 23rd day of July. We're simply trying to determine that if you are at all able to communicate with any attorney without having problems, Mr. Colon. If not, we'll just appoint one and that'll be it.
>
> THE DEFENDANT: I believe that I'm going to defend myself on this case. I'm going to go forward on the case on my own. I request this Court to
>
> —

The trial court overruled appellant's repeated objections and motions requesting the trial court to allow him to proceed with the defense of his own case:

> THE COURT: (Interrupting) We're going to appoint Mr. Gustavo Acevedo, pursuant to the Laredo Plan, to represent you, Mr. Colon. Please get in touch with Mr. Acevedo. Make a note for your attorney and for yourself that you have deadlines of July 2nd to file any pretrial motions. The State has until July 12th for any responses. Pretrial hearing will be on July 18th at 8:30 in the morning.

In response to appellant's ground of error the State cites authority which entitles the trial court to appoint counsel where a defendant seeks to represent himself in a deliberate attempt to manipulate "orderly procedure in the courts or to interfere with the fair administration of justice." *Webb v. State*, 533 S.W.2d 780, 784 (Tex.Crim.App. 1976). Although it is clear that appellant had no experience in conducting a trial, the record reflects that he was at all times respectful and obedient to the trial judge and that his request to represent himself was not made for purposes of delay. To hold that citizens are unduly disruptive merely because they are inexperienced in the practice of law is tantamount to holding that only attorneys enjoy a constitutional right to self-representation. The record does not support the conclusion that appellant's request to represent himself would have disrupted court proceedings to a degree that would have affected the administration of justice.

The denial of appellant's right to self-representation mandates reversal. *Johnson v. State*, 676 S.W.2d 416, 418 (Tex.Crim.App. 1984) (en banc). Since his conviction is reversed on other grounds, we need not address the assertion that the trial court erred by denying appellant's requested jury charge on agency and post dating.

The judgment of the trial court is reversed, and the cause is remanded for new trial.