COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Margnus Obinna Ibe v. The State of Texas

Appellate case number:    01-12-00422-CR

Trial court case number:    11DCR056785A

Trial court:                268th District Court of Fort Bend County

The State has filed a "Motion to Dismiss for Nonprosecution," requesting that we either dismiss this appeal or decide the appeal on the record and without any appellate briefs. The complete record has been filed in the above-referenced appeal since August 16, 2012, and appellant's brief was originally due on September 17, 2012. On October 2, 2012, we abated this case to the trial court to determine appellant's representation for this appeal. The trial court held a hearing on our abatement order, found that appellant was not indigent, and allowed appellant's trial counsel to withdraw. On November 8, 2012, we reinstated the case and ordered appellant's brief be filed no later than December 10, 2012. Appellant's newly-hired appellate attorney filed a motion for extension of time to file the appellant's brief on December 10, 2012, which was granted. Counsel filed a second motion for extension on January 15, 2013, which was granted in part, and we ordered the brief filed by February 15, 2013 and stated that no additional extensions would be granted absent extraordinary circumstances. On March 1, 2013, the Clerk of this Court notified appellant that a brief had not yet been filed and required that a response be filed within 10 days. Nevertheless, appellant has failed to file a brief.

Texas Rule of Appellate Procedure prohibits the dismissal of criminal cases based on the failure to file an appellant's brief and requires abatement of an appeal from a criminal case for a hearing in the trial court when an appellant fails to adequately respond to a late brief notice. *See* TEX. R. APP. P. 38.8(b)(1), (2). Therefore, we DENY the State's motion.

Further, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Fort Bend County District Attorney's Office and appellant's counsel, Omotayo Lawal, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

1        Any such teleconference must use a closed-circuit video teleconferencing system that

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) make a finding on whether appellant wishes to prosecute the appeal;

(2) if appellant does wish to prosecute the appeal, determine whether counsel Omotayo Lawal has abandoned the appeal;

(3) if counsel Omotayo Lawal has not abandoned the appeal:

    a. inquire of counsel the reasons, if any, that he has failed to file a brief on appellant's behalf;

    b. determine whether appellant has paid counsel's fee for preparing an appellate brief and determine whether appellant has made any other necessary arrangements for filing a brief; and

    c. set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing[2];

    d. notify appellant and counsel that the failure of appellant to make the necessary arrangements to file a brief by the deadline may result in the consideration of his appeal without briefs;

(4) if Omotayo Lawal has abandoned this appeal, enter a written order relieving Omotayo Lawal of his duties as appellant's counsel, including in the order the basis for the finding of abandonment, and:

    a. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing; or,

    b. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney, which shall not be more than 15 days from the date of the hearing, and provide a deadline for filing appellant's brief, which shall be no more than 45 days from the date of the hearing;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West Supp. 2012); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to

---

provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

2 Based on the extreme delays in this case and appellant's repeated failures to file a brief, no extensions of time to file appellant's brief will be granted.

fair and orderly administration of justice); *Webb v. State*, 533 S.W.2d 780, 784, 785 (Tex. Crim. App. 1976) (stating that criminal defendant may not manipulate right to choose counsel so as to interfere with fair administration of justice; "The trial court should therefore admonish an accused who desires to represent himself regarding the wisdom and practical consequences of that choice."); *Carter v. State*, No. 01-95-00977-CR, 1997 WL 184385, *1 (Tex. App.—Houston [1st Dist.] April 17, 1997, pet. ref'd) (not designated for publication) ("Thus, the public interest in the fair and orderly administration of justice may be greater than an accused's right to have counsel of his own choice."); *cf.* TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(2) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court by no later than August 22, 2013. The court reporter is directed to file the reporter's record of the hearing by no later than August 22, 2013. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court no later than **August 22, 2013**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so **ORDERED**.


Judge's signature: /s/ Jim Sharp
     ☑ Acting individually  ☐ Acting for the Court

Date: July 31, 2013