

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER OF ABATEMENT

Appellate case name:       Hector Rodriguez v. The State of Texas

Appellate case number:    01-12-00970-CR

Trial court case number:   1726063

Trial court:                County Criminal Court at Law No. 5 of Harris County

Appellant's retained counsel, W. Troy McKinney, has not filed a brief on appellant's behalf. The complete record was filed in the above-referenced appeal on February 1, 2013; therefore, appellant's brief was due on March 4, 2013. On March 5, 2013, this Court granted a motion for extension of time to file appellant's brief, ordering appellant to file his brief by April 4, 2013. On April 16, 2013, the Clerk of this Court notified appellant that a brief had not yet been filed and required that a response be filed within 10 days. On April 30, 2013, the Court granted appellant's second motion for extension of time to file his brief and extended the time to file the brief to May 20, 2013. On June 5, 2013, this Court granted the third motion for extension of time, providing appellant a June 20, 2013 deadline for filing his brief. On July 8, 2013, the Clerk of this Court notified appellant that a brief had not yet been filed and, unless appellant filed his brief within 10 days, the Court would be required to order the trial court to conduct a hearing pursuant to rule 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3). Nevertheless, appellant has failed to file a brief.

We therefore abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, W. Troy McKinney, shall be present. TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.  On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

1

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1)  make a finding on whether appellant wishes to prosecute the appeal;

(2)  if appellant wishes to prosecute the appeal, determine whether counsel W. Troy McKinney has abandoned the appeal;

(3)  if counsel W. Troy McKinney has not abandoned the appeal:
    a.  inquire of counsel the reasons, if any, that he has failed to file a brief on appellant's behalf;
    b.  determine whether appellant has paid counsel's fee for preparing an appellate brief and determine whether appellant has made any other necessary arrangements for filing a brief; and
    c.  set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;

(4)  if W. Troy McKinney has abandoned this appeal, enter a written order relieving W. Troy McKinney of his duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:
    a.  if appellant is now indigent, appoint substitute appellate counsel at no expense to appellant;
    b.  if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:
        i.  determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing; or,
        ii.  if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney, which must be no more than 30 days from the date of the hearing;

(5)  make any other findings and recommendations the trial court deems appropriate; and

(6)  enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West Supp. 2012); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *Webb v. State*, 533 S.W.2d 780, 784, 785 (Tex. Crim. App. 1976) (stating that criminal defendant may not manipulate right to choose counsel so as to interfere with fair administration of justice; "The trial court should therefore admonish an accused who desires to represent himself regarding the wisdom and practical consequences of that choice."); *Carter v. State*, No. 01-95-00977-CR, 1997 WL 184385, at *1 (Tex. App.—Houston [1st Dist.] April 17, 1997, pet. ref'd) (not designated for publication) ("Thus, the public interest in the fair and orderly administration of justice may be greater than an accused's right to

have counsel of his own choice."); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (West Supp. 2012) (requiring trial court to advise defendant of dangers and disadvantages of self-representation before proceeding to trial), 26.04(j)(2) (West Supp. 2012) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court by no later than 30 days from the date of this order. The court reporter is directed to file the reporter's record of the hearing by no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ Justice Jim Sharp
☑ Acting individually ☐ Acting for the Court


Date: October 24, 2013

3