

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

DAVID LEE KELLY,           §           No. 08-13-00337-CR

        Appellant,       §           Appeal from the

v.                 §        355th District Court

THE STATE OF TEXAS,     §        of Hood County, Texas

         State.         §          (TC# CR12456)

§

**O R D E R**

Pending before the Court is Appellant's motion requesting appointing of a different attorney, or alternatively, to represent himself on appeal. Appellant's court-appointed attorney filed a brief on Appellant's behalf on March 10, 2014 and the State filed its brief on April 25, 2014. The case has been set for submission on January 29, 2015. Appellant filed a letter asking for the appointment of a different attorney or to proceed *pro se* and we filed that letter as a motion on December 19, 2014. The basis for the motion is that Appellant's current attorney will not raise certain issues on appeal.

An indigent defendant is entitled to representation by court-appointed counsel, but he is not entitled to court-appointed counsel of his choice. *Stearnes v. Clinton*, 780 S.W.2d 216, 221 (Tex.Crim.App. 1989). The right to counsel may not be manipulated so as to obstruct the judicial process or interfere with the administration of justice. *See King v. State*, 29 S.W.3d 556,

1

566 (Tex.Crim.App. 2000). Thus, the defendant must accept counsel assigned by the trial court unless he affirmatively waives his right to counsel and exercises his right to represent himself on appeal, or he establishes adequate cause for appointment of a different attorney. *See Webb v. State*, 533 S.W.2d 780, 784 n. 3 (Tex.Crim.App. 1976). Personality conflicts and disagreements concerning the strategy employed by counsel are typically not valid grounds for withdrawal. *King*, 29 S.W.3d at 566. A court has no duty to search for counsel agreeable to the defendant. *Id.* We review a request for self-representation in a criminal appeal on a case-by-case basis. If an indigent appellant is dissatisfied with appointed counsel, it must be brought to the court's attention in a timely manner. *Hubbard v. State*, 739 S.W.2d 341, 344 (Tex.Crim.App. 1987); *Marion*, 936 S.W.2d at 6.

Appellant has filed his motion more than nine months after appointed counsel filed the brief in this case on behalf of Appellant and nearly eight months after the State filed its reply. Ordering the trial court to appoint a different attorney or permitting Appellant to proceed *pro se* will undoubtedly delay disposition of the appeal. We conclude that Appellant has not made his request in a timely manner and the granting of this motion would interfere with and obstruct the orderly procedure of this Court. Accordingly, Appellant's motion for appointment of a different attorney, or alternatively, to represent himself on appeal is DENIED.

IT IS SO ORDERED this 22nd day of December, 2014.

PER CURIAM

Before McClure, C.J., Rodriguez and Hughes, JJ.