COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     Success Irhirhi v. The State of Texas

Appellate case number:   01-14-00002-CR

Trial court case number: 1905854

Trial court:             County Criminal Court at Law No. 9 of Harris County

       The clerk's record and reporter's record in this appeal were originally due on January 21, 2014. The clerk's record was filed on January 22, 2014. On January 31, 2014 and September 15, 2014, the Clerk of this Court notified appellant that the court reporter responsible for preparing the record in this appeal had informed the Court that appellant has not paid, or made arrangements to pay, for the reporter's record. *See* TEX. R. APP. P. 35.3(b). The Clerk further notified appellant that unless he provided written evidence that he has paid, or made arrangements to pay, for the reporter's record, or provided proof that he is entitled to proceed without payment of costs, the Court might consider the appeal without a reporter's record. *See* TEX. R. APP. P. 37.3(c). Although represented by counsel, neither appellant nor his counsel responded to the notices.

       On January 8, 2015, the State Bar of Texas notified the Court that appellant's trial and appellate counsel, John O. Mukoro, has been placed on active suspension from the practice of law for six months commencing on December 21, 2014. Therefore, appellant currently is not represented by counsel in this appeal.[1]

---

[1] Although Mr. Mukoro filed appellant's notice of appeal and appellant has a right to counsel of his choice, appellant is not entitled to delay this case until his counsel is removed from active suspension. *See Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *Webb v. State*, 533 S.W.2d 780, 784, 785 (Tex. Crim. App. 1976) (stating that criminal defendant may not manipulate right to choose counsel so as to interfere with fair administration of justice); *Carter v. State*, No. 01-95-00977-CR, 1997 WL 184385,*1 (Tex. App.—Houston [1st Dist.] April 17, 1997, pet. ref'd) (not designated for publication) ("Thus, the public interest in the fair and orderly administration of justice may be greater than an accused's right to have counsel of his own choice.").

Accordingly, we abate the appeal and remand the cause to the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system.

We direct the trial court to:

1)  Determine whether appellant still wishes to pursue this appeal;
2)  Determine whether appellant is now indigent, and
    a.  if appellant is indigent, (i) appoint substitute appellate counsel at no cost to appellant and (ii) order the court reporter to file the reporter's record in this case within **30 days** of the date of the hearing, at no cost to appellant;
    b.  if appellant is not indigent, admonish appellant regarding the dangers and disadvantages of self-representation, and:
        i.  determine whether appellant is knowingly and intelligently waiving his right to counsel and (A) if so, obtain a written waiver of the right to counsel, or (B) if appellant does not wish to proceed pro se, provide a deadline of no more than **20 days** from the date of the hearing by which appellant must hire substitute counsel; and
        ii. provide a deadline of no more than **30 days** from the date of the hearing by which appellant must provide written evidence demonstrating payment of the reporter's record and further notify appellant that failure to provide such evidence may result in consideration of his appeal without a reporter's record.
3)  Make any other findings and recommendations the trial court deems appropriate; and
4)  Forward a record of the proceedings, together with any findings and orders regarding appellate representation.

*See* TEX. CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f), 26.04.

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court no later than **30 days** from the date of this order. Additionally, the trial court's findings and recommendations and any orders issued pursuant to the hearing shall be included in a supplemental clerk's record and filed in this Court no later than **30 days** from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ <u>Jane Bland</u>

      ☒ Acting individually  ☐ Acting for the Court


Date: January 27, 2015