

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DAVID LEE KELLEY, | § | No. 08-13-00337-CR |
| Appellant, | § | Appeal from the |
| v. | § | 355th Judicial District Court |
| | § | of Hood County, Texas |
| THE STATE OF TEXAS, | § | (TC# CR12456) |
| Appellee. | § | |

**O R D E R**

On December 22, 2014, the Court denied Appellant's *pro se* motion requesting appointment of a different attorney, or alternatively, to represent himself on appeal. Appellant has filed a motion to reconsider. This order is intended to clarify the reasons for our denial of the motion and to address the new arguments raised by Appellant.

In our prior order, we denied Appellant's motion for appointment of a different attorney primarily because he failed to establish adequate cause. The reason given by Appellant in his original motion for appointment of a different attorney is that appellate counsel will not raise certain issues on appeal. An indigent defendant is entitled to representation by court-appointed counsel, but he is not entitled to court-appointed counsel of his choice. *Stearnes v. Clinton*, 780 S.W.2d 216, 221 (Tex.Crim.App. 1989). Appellant is required to accept the attorney appointed

by the trial court unless he establishes adequate cause for appointment of a different attorney. *See Webb v. State*, 533 S.W.2d 780, 784 n.3 (Tex.Crim.App. 1976). Appellant does not have the right to dictate to counsel the issues which are raised in the brief. *See Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 3312-13, 77 L.Ed.2d 987 (1983)(rejecting as contrary to experience and logic a rule adopted by lower appellate court that the indigent defendant has a constitutional right to compel appointed counsel to press non-frivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points). Counsel may exercise professional discretion in deciding which issues to raise on appeal. *Id.* We conclude that appellate counsel's refusal to raise issues on appeal in accordance with Appellant's wishes is not a valid ground for replacement of appointed counsel with a different attorney.

In his motion to reconsider, Appellant alleges that appellate counsel should be replaced because he has provided ineffective assistance. First, he argues that counsel did not secure his presence for the hearing on the motion for new trial. Appellate counsel filed a motion for new trial on the sole ground that the evidence is insufficient to support the verdict. The trial court originally set the motion for hearing, but a hearing was not held and the motion was overruled by operation of law. A hearing on a motion for new trial is not an absolute right and is not required when the matters raised in the motion for new trial are subject to being determined from the record. *Smith v. State*, 286 S.W.3d 333, 339 (Tex.Crim.App. 2009). An evidentiary hearing is not necessary to address a complaint that the evidence is insufficient to support the verdict. Thus, counsel was not ineffective for failing to secure Appellant's presence for a hearing which did not take place.

Second, Appellant alleges that appellate counsel was ineffective because he did not secure Appellant's presence for a hearing set for December 16, 2013 "pertaining to 1685 dollars

2

confiscated from [Appellant] on March 5, 2013." The jury found Appellant guilty of the charged offenses alleged to have been committed on March 5, 2013, and the trial court imposed sentence in open court on October 10, 2013. The post-conviction hearing referred to by Appellant obviously pertains to a separate civil forfeiture action under Chapter 59 of the Texas Code of Criminal Procedure. Counsel's alleged representation of Appellant in that civil action is unrelated and immaterial to this criminal appeal and his actions in that proceeding cannot serve as a basis for discharging counsel in this case.

Third, Appellant alleges that appellate counsel is ineffective and should be replaced with a different attorney because he made false statements in the brief. Accordingly to Appellant, counsel falsely stated in the statement of the case section of the brief that there is no evidence in the record that the trial court ruled on the motion for new trial. Appellant seems to suggest that the trial court could not rule on the new trial motion without a hearing, but this is incorrect for the reason already stated. *See Smith*, 286 S.W.3d at 339. We have reviewed the record and do not find any order by the trial court denying the motion for new trial. Consequently, it was overruled by operation of law. *See* TEX.R.APP.P. 21.8(c)(stating that a motion for new trial not timely ruled on by written order will be deemed denied upon the expiration of the 75 day period prescribed in Rule 21.8(a)). Counsel's statement is not false.

Appellant next contends that counsel made a false statement by including the following sentence in the statement of facts section of the brief: "On May 24, 2013, trial counsel filed a Motion to Suppress regarding certain written and oral statements." We have reviewed the motion to suppress and trial counsel indeed expressly sought suppression of written and oral statements. Counsel's statement is not false.

Finally, Appellant maintains the following statement included in the statement of facts

3

section of the brief is false: "Based on finding scales and a large amount of currency in Appellant's pocket, among other pieces of evidence, the officers believed Appellant had an intent to deliver." Even assuming the sentence can be fairly read as a misstatement of the evidence, the assertions of fact made in either Appellant's brief or the State's brief are not binding on the Court as we conduct an independent review of the entire record in addressing the appeal. For all of these reasons, we conclude that Appellant has not established adequate cause for appointment of different appellate counsel.

Appellant also requests that we reconsider our denial of his request to represent himself on appeal. As stated in our prior order, Appellant made his request to represent himself more than nine months after appointed counsel filed the brief on behalf of Appellant and nearly eight months after the State filed its brief. Further, the case was submitted to the Court on January 29, 2015. We adhere to our prior ruling that permitting Appellant to proceed *pro se* at this late stage of the appeal will undoubtedly delay its disposition and interfere with and obstruct the orderly procedure of this Court. Accordingly, Appellant's motion to reconsider is DENIED.


February 5, 2015                                  PER CURIAM

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

4