COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Caylon Johnson v. The State of Texas

Appellate case number:   01-13-00833-CR; 01-13-00834-CR

Trial court case number:  1338720, 1338721

Trial court:                    374th District Court of Harris County

On April 17, 2014, these cases were abated and remanded to the trial court for the trial court to (1) determine whether appellant wishes to prosecute these appeals, and (2) determine whether appellant's counsel had abandoned the appeals, and, if counsel had not abandoned the appeals, to inquire why appellant and his counsel have not responded to this Court's October 28, 2013 notice regarding the lack of a reporter's record due to non-payment. Our October 28, 2013 notice informed appellant that unless he provided either proof of payment for preparation of the reporter's record, proof of having made payment arrangements for the reporter's record, or a response showing that he was exempt from paying for the reporter's record by November 27, 2013, the Court might consider and decide those issues or points that do not require a reporter's record. *See* TEX. R. APP. P. 37.3(c).

On May 1, 2014, the trial court held a hearing on our abatement order and the trial court clerk and court reporter subsequently filed their respective records of the hearing. The record from the abatement hearing indicated that appellant wished to proceed with his appeals, appellant continued to retain Nancy Knox-Bierman as counsel on appeal, and the trial court reiterated its finding that appellant was not indigent and was not entitled to proceed with his appeals without advanced payment of costs. On September 30, 2014, we entered an order reinstating the appeals and ordered appellant's brief to be filed.

On November 20, 2014 and January 28, 2014, the Clerk of this Court sent two separate notices informing appellant and his counsel that a brief had not been filed and that, unless appellant filed a motion requesting an extension of time along with appellant's brief or a motion to extend time to file appellant's brief within 10 days, the Court might order the trial court to conduct a hearing pursuant to Texas Rule of Appellate Procedure 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3). Appellant's counsel has not filed a response to these notices nor has a brief been filed on appellant's behalf.

Accordingly, we abate the appeals and remand for the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Nancy Knox-Bierman, shall be present. *See* TEX. R. APP. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.

The trial court shall have a court reporter record the hearing. The trial court is directed to:

(1) make a finding on whether appellant wishes to prosecute the appeals;

(2) if appellant wishes to prosecute the appeal, determine whether counsel Nancy Knox-Bierman has abandoned the appeals;

(3) if counsel Nancy Knox-Bierman has not abandoned the appeals:
   a. inquire of counsel the reasons, if any, as to why she has failed to file a brief on appellant's behalf and has failed to respond to this Court's notices;
   b. determine whether appellant has paid counsel's fee for preparing an appellate brief and determine whether appellant has made any other necessary arrangements for filing a brief; and
   c. set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeals and no later than 30 days from the date of the hearing;

(4) if Nancy Knox-Bierman has abandoned this appeal, enter a written order relieving Nancy Knox-Bierman of her duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:
   a. if appellant is now indigent, appoint substitute appellate counsel at no expense to appellant;
   b. if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing; or,
      ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney, which must be no more than 30 days from the date of the hearing;

(5) make any other findings and recommendations the trial court deems appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f) (West Supp. 2013); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating that presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *Webb v. State*, 533 S.W.2d 780, 784, 785 (Tex. Crim. App. 1976) (stating that criminal defendant may not manipulate right to choose counsel so as to interfere with fair administration of justice; "The trial court should therefore admonish an

accused who desires to represent himself regarding the wisdom and practical consequences of that choice."); *Carter v. State*, No. 01-95-00977-CR, 1997 WL 184385, *1 (Tex. App.—Houston [1st Dist.] April 17, 1997, pet. ref'd) (not designated for publication) ("Thus, the public interest in the fair and orderly administration of justice may be greater than an accused's right to have counsel of his own choice."); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial), 26.04(j)(2) (West Supp. 2013) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court no later than 30 days from the date of this order. The court reporter is directed to file the reporter's record of the hearing no later than 30 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ Jane Bland
            ☑ Acting individually    ☐ Acting for the Court


Date:  March 10, 2015