COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF CONTINUING ABATEMENT

Appellate case name:     Arnold Ray Lamotte v. The State of Texas

Appellate case number:    01-15-00368-CR

Trial court case number:   C-1-CR-12-300283

Trial court:             County Court at Law No 6 of Travis County

On May 19, 2015, this appeal was abated for a hearing to determine if Lamotte's appointed counsel, Karen E. Oprea, should be permitted to withdraw. On June 18, 2015, the court reporter filed a transcript of the abatement hearing. The record of the hearing reveals Oprea was permitted to withdraw as counsel for appellant, and the trial court found it was in the best interest of Lamotte to be permitted to proceed on this appeal pro se.

Lamotte did not appear for the abatement hearing, despite notice being sent to multiple addresses on file with the trial court. Therefore, Lamotte has not been properly admonished regarding the dangers and disadvantages of proceeding pro se.

Failure to admonish a defendant on the dangers and disadvantages of self-representation is error, and this Court could not consider an appellate brief filed by a pro se appellant who lacks the admonishments. *See, e.g., Webb v. State*, 533 S.W.2d 780, 785 (Tex. Crim. App. 1976) ("The trial court should therefore admonish an accused who desires to represent himself regarding the wisdom and practical consequences of that choice."); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

A defendant whom the trial court has determined to be indigent "is presumed indigent for the remainder of the proceedings in the case unless a material change in [his] financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2014). Because there is currently no evidence of a change in financial circumstances, we must presume Lamotte remains indigent.

Accordingly, we abate this appeal and remand the case to the trial court for a hearing at which appellant shall be present in person. The court coordinator of the trial court shall set a date for said hearing and notify the parties, including appellant. If appellant is now incarcerated, he may appear by closed video teleconference.[1] We direct the trial court to:

---

1      Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication

Court of Appeals, First District
301 Fannin Street
Houston, Texas 77002-2066



OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE



U.S. POSTAGE >> PITNEY BOWES

ZIP 77002  $ 000.48
02 1W
0001372104 JUL. 09. 20

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

AUG 07 2015

CHRISTOPHER A. PRINE
CLERK

CASE NO. 01-15-00368-CR
ARNOLD RAY LAMOTTE
P.O. BOX 39
AUSTIN, T

NIXIE        787   7E 1        02/08/04/15

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 77002206699      *0933-02422-09-44



7877677002 @7066

1) Admonish appellant of the dangers and disadvantages of self-representation, and
2) Determine whether appellant is knowingly and voluntarily waiving his right to counsel, and
   a. if so, obtain a written waiver of the right to counsel and provide appellant with a copy of a written order setting a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing; or
   b. if appellant does not wish to proceed pro se, or, if appellant does not appear for the hearing, appoint substitute appellate counsel at no expense to appellant.

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court no later than 30 days from the date of this order. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court no later than 30 days from the date of this order. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than 30 days from the date of this order.

In the event another attorney is appointed to represent appellant, counsel's brief will be due 30 days after the trial court makes its appointment, regardless of whether this Court has yet reinstated the appeal.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ Rebecca Huddle
      ☒ Acting individually


Date: July 9, 2015



of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.