COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case names:      Ahmed Jabbori v. The State of Texas

Appellate case numbers:    01-14-00672-CR

Trial court case numbers:  1401652

Trial court:               183rd District Court of Harris County

Appellant, Ahmed Jabbori, pleaded guilty to aggravated assault, for which the trial court placed him on deferred adjudication community supervision for five years. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 22.02(a)(1). The trial court certified appellant's right of appeal because this was not a plea bargain case. *See* TEX. R. APP. P. 25.2(a)(2)(B).

Appellant timely filed a notice of appeal from the judgment adjudicating guilt. *See* TEX. R. APP. P. 26.2(a)(1). The reporter's record was not timely filed, and this Court did not receive a request to extend time for filing the record. *See* TEX. R. APP. P. 35.1. Appellant did not provide this Court with evidence showing that he paid or made arrangements to pay the court reporter, and we proceeded without the reporter's record accordingly. *See* TEX. R. APP. P. 37.3(c). The deadline for filing the appellant's brief was set for March 20, 2015. *See* TEX. R. APP. P. 38.8(a)(2).

Appellant's retained attorney, Neal Davis III, initially filed a motion to extend the time for filing a brief, but on March 30, 2015, he filed a motion to withdraw from representation. *See* TEX. R. APP. P. 6.5. This Court granted the motion to withdraw, and we instructed appellant to file a brief *pro se* or through newly retained counsel.

Appellant filed a pro se motion to extend the deadline for filing a brief, stating that he was attempting to obtain a new lawyer. We granted the motion for extension of time

and ordered that appellant's brief be filed by October 26, 2015. Appellant did not file a brief or any further motion.

On November 9, 2015, the Clerk of this Court notified appellant that a brief had not been timely filed and that if this Court did not receive his brief or a motion for extension of time within ten days of that notice, it would abate the appeal and direct the trial court to conduct a hearing in accordance Texas Rule of Appellate Procedure 38.8(b)(2). This notice was returned to the Court undelivered. Appellant has not communicated or filed anything with this Court since August 18, 2015.

Accordingly, we **abate** this appeal and **remand** the cause to the trial court to immediately conduct a hearing in accordance with Texas Rule of Appellate Procedure 38.8.

The trial court shall have a court reporter record the hearing. We direct the trial court to:

1) make a finding on whether appellant wishes to prosecute this appeal;
2) if appellant does not wish to prosecute the appeal, provide a final deadline by which appellant and, if applicable, appellant's counsel, sign a written motion to dismiss that complies with Texas Rule of Appellate Procedure 42.2(a), and file it with the Clerk of this Court, which shall be no more than 30 days from the date of the hearing;
3) if appellant does wish to prosecute this appeal, determine whether he has retained new counsel or abandoned the appeal;
4) if appellant has retained new counsel that has not abandoned the appeal:
   a. inquire of counsel the reasons, if any, that he has failed to file a brief on appellant's behalf; and
   b. set a date when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;
5) if appellant has retained new counsel but that counsel has abandoned the appeal, enter a written order relieving retained counsel of his duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:
   a. if appellant is still indigent, appoint substitute appellate counsel at no expense to appellant;
   b. if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:
      i. determine whether appellant is knowingly and intelligently waiving his right to counsel; and
      ii. if so, obtain a written waiver of the right to counsel and provide

appellant with a copy of a written order setting a date when appellant's *pro se* brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing; or

iii. if appellant is not indigent and does not wish to proceed *pro se*, provide a deadline by which appellant must hire an attorney, which must be no more than 30 days from the date of the hearing;

6) make any other findings and recommendations the trial court deems appropriate; and

7) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. art. 1.051(a), (d)(1), (f); TEX. R. APP. P. 38.8(b); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003); *Webb v. State*, 533 S.W.2d 780, 784, 785 (Tex. Crim. App. 1976); *cf*. TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and any order made. These records must be filed by **March 1, 2016**. *See* TEX. R. APP. P. 34.5(c). The court reporter is directed to file the supplemental reporter's record of the hearing no later than **March 1, 2016**.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the supplemental reporter's record are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

If appellant files a motion to dismiss which complies with Texas Rule of Appellate Procedure 42.2(a) **within 15 days** of the date of this order, together with a motion requesting that we reinstate the appeal, we may withdraw this order and reinstate the appeal.

It is so **ORDERED**.

Judge's signature: /s/ Michael Massengale
                    Acting individually

Date: January 26, 2016